WiieeleR, J.
The facts disclosed by the record so far as material to this case are: That the appellee was plaintiff in an execution issued on the 8th day of October, 1842, upon a “twelve months’” bond of the appellants, which had become forfeited on the 7th day of May, 1840. The execution was levied on land pointed out by the appellant, Toler. On the day of sale, the sheriff, by a writing on the back of the execution purporting to be under his hand and seal, but having no seal annexed, appointed one Maddox special deputy to sell the land, who accordingly proceeded to sell, and one A. Butler became the purchaser, on the 1st Tuesday in November, 1842, but the sheriff was enjoined from making the title.
These facts appearing on the return of the execution, at the spring term of the district court next ensuing, the appellants “ moved the court to set aside and quash the proceedings and return of the sheriff” for two reasons, viz.:
1st. That the land was sold without appraisement.
*(285) 2d. That the appointment conferred on the deputy no authority to act.
The court refused the motion and the case comes before us on appeal. There being no notice of appeal in the record, it is contended for the appellee, that the appeal ought for that reason to be dismissed.
The case was brought to the supreme court at the June term, 1843, and having been continued from term to term, was again continued at the last term by consent. ISTo motion to dismiss appears to have been made until the final hearing at the present term. We think the motion comes too late and ought not to prevail.
In the view we have taken of the case, it will not be necessary to examine the grouuds assigned in support of the motion. Its objects and design clearly were to set aside and annul the sale to Butler, and hence to divest any property or right he may have acquired by his purchase. There could have been no other sensible or useful object, for the acts of the sheriff under the execution were past and expired. The authority of his deputy was ffimctus officio; and the action sought by the motion would have been idle and nugatory with any other view than to affect the purchaser.
But although the object was to affect the purchaser and divest his rights, yet it does not appear that he had any notice of the proceeding. To have sustained the motion with the obvious purpose of affecting a party who had no notice of the application would have been a departure from the due and ordinary course of judicial proceedings arid against the express inhibition of the statute (5 Stat. 84, sec. 10), which declares that “ it shall not be lawful for the judge of any district court to make any decree or order which shall be final in its character, or which shall operate to divest any citizen of his property or rights until such citizen shall have been duly served with process, notifying him that an application for such decree or order will be made.”
It is immaterial that the rights of the purchaser without notice would not have been affected by a proceeding to which he was not a party. If the action sought as to him would have been merely void, the court might well refuse it; for it is not the province of courts to perform acts merely nugatory or which have not in view some useful or available object, the furtherance of some right or the suppression of some wrong or injury; and a court will never undertake to adjudicate the rights of parties who are not before it.
Moreover, there appears to have been another proceeding previously instituted, with a view to the same object with that embraced in the motion. The return shows that the proceeding has been enjoined and *(286) the sheriff forbidden to make title by order of the district judge. There would seem, therefore, to have been great propriety in Ms refusing in this summary way to dispose of the subject-matter in litigation in another action previously instituted and still pending and undetermined.
We are of opinion that the district court might well refuse the motion, and that the judgment therein be affirmed.