WHEELER, J.
The ground mainly relied on for a reversal of the judgment is the want of notice to the purchaser under the execution. We have heretofore decided that such notice is necessary. (Toler et al. v. Ayres, 1 Tex. R., 398.) Such also has been held to bo the law on a similar state of case elsewhere. (3 A. K. Marsh, 154.)
It would seem, on general principles, that the plaintiff in execution ought also to have had notice. The appearance of a party entitled to notice, after judgment, merely to give notice of appeal, has been held not such an appearance as will dispense with the necessity of notice. (Id.) This proceeding-appears to have been conducted to final judgment ex parte, and without notice to any one. This, it is conceived, was irregular and erroneous.
Unless notice were required, the return of process might be quashed for defects which might have been cured by amendment, had an opportunity been afforded by notice to the party in interest.
It is objected by the appellee, that the return of the sale not having been signed by the sheriff, the court cannot know that there was a purchaser to be affected by the judgment. This is answered by the motion to quash, in which the fact of a sale and the name of the purchaser is stated.
The judgment is reversed, and the cause remanded for further proceedings.
Judgment reversed.