### R. B. REAGAN V. B. C. COPELAND.

#### No. 3049.

**1. Failure of District Judge to Sign Statement of Facts.** — The failure of the district judge to sign a statement of facts will not be considered on appeal unless complaint against the action or omission be brought up in the assignment of errors.

**2. Same — Practice.** — Mandamus suggested from the Supreme Court when the judge below fails or refuses to certify a statement of facts.

**3. Continuance — Application Insufficient.** — See application for continuance held insufficient.

**4. Refusal to Make New Parties—Practice.**—Under article 1209, Revised Statutes, it was proper to refuse to allow parties to be made when the application is made by them after an application for continuance has been overruled. Application to make parties must be made before the cause is called for trial.

APPEAL from Cherokee.    Tried below before Hon. James I. Perkins.

This is an appeal from a judgment for the value of goods seized by appellant as United States marshal and sold by him under execution.

Reagan filed a motion for continuance as follows:

" *B. C. Copeland v. R. B. Reagan.*—Suit pending in Cherokee County, Texas.

"And now comes defendant Reagan and states to the court that he can

not go safely to trial at this time for the following reasons, to-wit: That the cause of action alleged is for damages on account of the levy of certain executions issued out of the Circuit Court of the United States for the Eastern District of Texas, by affiant as United States Marshal of said Eastern District of Texas. The said judgments and executions were nine in number, described in the pleas filed in this cause and now referred to as part hereof. That plaintiff filed his first suit in the same cause of action, No. 3172, in this court and against this defendant, Deere, Mansur & Co., T. R. Bonner, and J. H. Bonner, about April 7, 1888. That said cause was removed to the Federal court at Tyler, and in June, 1888, it was dismissed out of said court by the plaintiff. That afterwards plaintiff filed the above suit June 11, 1888, upon which service was had.

" On December, 1888, his demurrer and prayer to make parties were sustained and granted by this court, as appears by the minutes of this court, to which reference is here made. That before the parties defendant were made by the process on, to-wit, March 5, 1889, said plaintiff filed a new suit against this defendant on the same cause of action, and citation duly issued and was served upon him upon the same cause of action as described in the two aforesaid suits and the said citation in the last suit, No. 3198, attached hereto and made part hereof.

"Affiant says he now on this 3rd day of December, 1889, learns for the first time that said plaintiff abandoned and dismissed his said suit No. 3198 brought and served on him in 1889, and that plaintiff had fell back on his said suit filed June 11, 1888. That he has good reason to believe that his attorneys did not know of the change of front in plaintiff's case.

" That preparations were made to meet the said cause No. 3198, wherein it was alleged that the executions issued to and levied by him were issued under and by virtue of two judgments in said United States Court, Nos. 1905 and 1906, in favor of Zabelier & Behan.

" That he had prepared to meet that state of case and his attorneys had prepared and filed pleadings therein—that is, in No. 3198—and made ready to meet the evidence in the same. Affiant says that the executions pertaining to the Comer, Fairris & Dial suits were levied and returns made therein while he was in office as United States marshal. That he ceased to be United States marshal on the —— day of July, 1889, and turned over all the papers that belonged to his office save and except some that were involved in litigation, which were retained to be used therein; all others were delivered with his office to his successor, Dickerson, who he now believes has the same.

"This affiant has had the clerk's office examined on last night, December 2, 1889, and the same are not on file; and his attorney, W. S. Herndon, who made the inquiry and made the search, and who is now in court, states to affiant that said executions are not in the clerk's office nor marshal's office at Tyler, Texas, where affiant kept them.

"Affiant says his defense and that of the parties as principals and surety who indemnified him, as he is advised, depend largely upon the executions levied as aforesaid, and the returns thereon. That affiant did hold and retain those named in plaintiff's suits and expected to use the same till the same were taken from him by law. That he has not nor can not now obtain possession of said executions in time for this trial. But if this trial was postponed for fifteen days, till he could visit the United States marshal and secure the said executions, he could then go to trial in the cause.

"Affiant states he was misled by the several suits of plaintiff, and especially by the last one; that he verily believed when he was served with process in the last suit that the second suit was dismissed or abandoned and ceased to make any efforts to get ready in said suit. That affiant since he learned that the first had been changed by plaintiff and he was now insisting on his suit No. 8177, which was December 2, 1889, he has been unable to get ready by the use of any diligence whatever, and he can not now get ready for trial before fifteen days, as he verily believes.

" That this court, as he is advised, will or may hold till February, 1890, and ample time left to try all cases; he prays that the case be postponed for such period as the court may see fit to enable this defendant to get said executions. Affiant says he can not procure a certified copy of said executions until he finds the present United States marshal and the executions in his hands or office.

" That the most of this evidence was wholly unknown to him till yesterday; that the said executions are not lost nor mislaid, and that it is by no fault of his that the same are not now before the court. That this evidence can be had from no other source known to affiant. That this application is not made for delay, but for the purpose of having said executions as evidence to protect his and the rights of said parties described herein to make defense to said action.

" Whereupon defendant prays that the court postpone this case to a future day of the term for trial or continuance.

"R. B. Reagan."

Sworn to and subscribed, etc.

The application was overruled by the court.

Application was then made in behalf of the plaintiffs in the executions interested in the levy, with their bondsmen, to be admitted to defend, and also asking that in event judgment should be rendered against the defendant Reagan that he have judgment over. They adopted Reagan's defense. This was refused.

Trial resulted in a verdict for $970. The plaintiff entered a remittitur for $230.46. Reagan appealed.

Other facts are given in opinion.

*W. H. Herndon* and *Ben C. Cain*, for appellant.— 1. The filing of several suits on the same cause of action misled defendant as to which one plaintiff expected to try, and when it was shown to the court that defendant was surprised and not ready for trial, because of such conduct on the part of the plaintiff, it was good ground for continuance. Cotton v. The State, 4 Texas, 260; Land v. Miller, 7 Texas, 463; Kilgore v. Jordan, 17 Texas, 341; Earnest v. Napier, 15 Ga., 306; Bergin v. Riggs, 40 Ill., 61; Kelsey v. Barry, 40 Ill., 69.

2. The parties sought to be joined in this suit are ultimately liable to the defendant for any sum of money he may have to pay the plaintiff; and when they sought to make themselves parties without delaying the trial, thus affording the opportunity of adjudicating the rights of all parties in one and the same suit, and saving the defendant the trouble and expense of suing them in a foreign court, they should have been joined. Dennison v. League, 16 Texas, 409; Allison v. Shilling, 27 Texas, 454; Garrett v. Gaines, 6 Texas, 446.

3. Failure of district judge to file statement of facts without fault of appellant is ground for reversing cause. Ruston v. State, 15 Texas Ct. App., 336; Hodges v. Peacock, 2 Ct. App. C. C., sec. 824.

*McClure & Gibson*, for appellee.— 1. The affidavit for continuance was insufficient to continue the case in this:

(1) It failed to show that it required any different proof to defend cause No. 3198 than to defend this case, 3177, or that the facts were different, or that he was put to any disadvantage.

(2) The plaintiff had alleged and the defendant had also pleaded the same facts he sought to continue to prove. It was an undisputed allegation. The defendant's answer was the plaintiff's evidence. The court so regarded it in his charge.

The granting of a continuance is discretionary with the court, and is to be determined with a proper regard to the circumstances of the case and the nature of the application. Ward v. Boon, Dallam, 561; Fisk v. Miller, 13 Texas, 224; Page v. Arnim, 29 Texas, 53.

2. It is true all parties interested in the subject matter of litigation ought to be made either parties plaintiff or defendant, but when persons have no interest in the subject matter they should not be permitted to encumber the record, and the pleadings should disclose the interest.

3. The only question under the pleadings that the court ought to have submitted to the jury was whether or not the furniture levied on was the property of plaintiff as charged by him; if so, to return a verdict for plaintiff with its value and interest; if not, to return a verdict for defendant.

4. The absence of a statement of facts is no ground of itself for a reversal of the cause. Everything will be presumed to have been proved

which could have been legally proved under the issues made by the pleadings.    Walling v. Kinnard, 10 Texas, 508; Henderson v. Trimble, 8 Texas, 174; Bond v. Mallow, 17 Texas, 636; Cochran v. Kellum, 4 Texas, 120; Wallace & Co. v. Bogel Bros., 62 Texas, 636.

HENRY, ASSOCIATE JUSTICE.—Copeland sued Reagan for the value of certain personal property which he charged was taken from his possession by Reagan as United States marshal for the Eastern District of Texas, under an execution issued out of the United States Circuit Court upon a judgment against other parties.  The petition charged that plaintiff owned the property and that it was not subject to the writ under which it was wrongfully taken.  The defendant answered and applied for a continuance, which was refused.

After his application for a continuance was overruled the defendant and a number of other persons who, it was alleged in the pleading, had obtained separate judgments against the party who was the defendant in the execution levied by the marshal, filed a pleading representing that they had sued out executions which had been levied by the marshal on the property in controversy; that they had made to the marshal bonds of indemnity with certain persons as their sureties, who also joined in the pleadings, binding themselves to protect the marshal and defend him in any suit brought against him for levying upon the said property.

These parties waived process, submitted themselves to the jurisdiction of the court, prayed to be treated as defendants, adopted the pleadings of Reagan, and prayed for the entry over against themselves of any judgment rendered against Reagan.  The court, upon the objection of the plaintiff, refused to permit them to be made parties defendant.

Upon the verdict of a jury judgment was rendered in favor of plaintiff, and the defendant Reagan appealed.

The record contains no statement of facts, but certificates and affidavits have been filed here showing that one was prepared and submitted to the district judge by the attorneys of appellant before the adjournment of the term of the court at which the judgment was rendered.  They show that the failure to file a statement of facts was the result of the unexplained omission of the district judge, and was not in any manner the fault of appellant's attorneys.

Appellant for the first time suggests in his brief filed in this court that the judgment should be reversed because of the failure of the judge to approve a statement of facts.

If we could reverse a judgment for that cause, we would not feel justified in doing so unless the objection was made by an assignment of the error filed in the District Court.

Because of the want of an assignment we can not now consider that question.

We suggest that in any case of the refusal of the district judge to approve a statement of facts the proper practice for the aggrieved party is to apply to this court without delay for the writ of mandamus.

Appellant assigns a number of errors relating to the action of the court in giving and refusing charges, which in the absence of a statement of facts we can not consider.

The application for a continuance was properly overruled.

Article 1209 of the Revised Statutes provides that: "Before a case is called for trial additional parties may, when they are necessary or proper parties to the suit, be brought in by proper process either by the plaintiff or the defendant upon such terms as the court may prescribe; but such parties shall not be brought in at such time or in such a manner as unreasonably to delay the trial of the case."

If it be conceded that under another statute the United States marshal may cause the signers of indemnity bonds to be made parties defendants, as sheriffs and their deputies and constables may be (Sayles' Texas Civ. Stats., art. 4525a), which we do not now decide, it must be admitted that the right to do so is subject to the requirement that it must be done "before the case is called for trial." After that it is too late to bring in new parties if objection is made. The fact alone that it is not apparent that any delay will be caused thereby is not sufficient ground for disregarding an express provision of the statute on the subject.

Coming in when they did, and adopting the officer's pleadings as they proposed to do in this case, without filing any of their own or making any new issue, and being represented by the same attorneys, it is evident that the proposed defendants could make for the officer no defense that he could not equally well make for himself.

The judgment must be affirmed.

*Affirmed.*

Delivered December 19, 1890.

Motion for rehearing refused at Galveston, January 13, 1891.