### J. D. OSBORNE v. R. B. PRATHER.

#### No. 3137.

1. **District Judge Failing to Approve or Make up Statement of Facts.** Since the Act of 1887 (Sayles' Civ. Stats., art. 1379a), an appellant exercising due diligence is not restricted to ten days after the adjournment of the term within which he may secure a statement of facts by extension of such period. A party aggrieved by the failure or refusal of a district judge to approve a statement of facts may at once procure a writ of mandamus compelling him to discharge such duty. Failing to do this, the failure to have a statement of facts in the record by fault of the trial judge is no ground for reversal on appeal.

2. **Notice.**—Plaintiff suing to avoid a constable's sale of city lots, alleged equitable ownership, and that the defendants who had bought at the sale had "full lawful notice" of his title. *Held*, that the allegations were sufficient. If the purchaser had full notice of the title of the plaintiff he could not be a purchaser in good faith, although actually ignorant of the history of such title.

APPEAL from Dallas. Tried below before Hon. R. E. BURKE. The opinion states the case.

*George H. Plowman*, for appellant.—The court erred in refusing to make a statement of facts in this case, when plaintiff and defendant had disagreed and submitted their respective statements, as is shown by affidavit herein filed.

*S. C. McCormick* and *Thompson & Clint,* for appellee.

TARLTON, JUDGE, *Section B.*—This suit was brought September 27, 1886, in the District Court of Dallas County, by R. B. Prather, the appellee, joined by his brother A. M. Prather, and by Thomas Beggs and Alex. Watson, as plaintiffs, against J. D. Osborne, appellant, J. M. Shea, and George H. Plowman, as defendants. The purpose of the suit was to cancel the constable's deed below referred to, as a cloud upon the title to the following real estate in the city of Dallas: 1. A lot 65 by 91 feet, on the corner of Harwood and Gano streets, alleged to be the property of R. B. Prather at the time of the levy of the execution and the sale thereunder on which the constable's deed is predicated. 2. A lot 42½ feet on Harwood Street, alleged to be the property of Thomas Beggs. 3. A lot of similar dimensions, alleged to be the property of Alex. Watson at the date stated.

A special exception averring misjoinder was sustained as to plaintiffs Beggs and Watson, and the suit proceeded with reference alone to the property claimed by the appellee R. B. Prather.

It is alleged in the petition that on April 10, 1886, W. H. Lewis, a constable of Dallas County, levied on the three lots mentioned a writ of execution issuing out of a Justice Court, on a judgment for $65.20 and costs, rendered March 29, 1886, in favor of J. M. Shea against A. M. Prather; that the lots, in accordance with the levy, were, on May 4, 1886, sold at public outcry; that under the directions of Plowman, the attorney of Shea, the three lots were sold as one for the grossly inadequate price of $70—one-thirtieth of their value; that the property was bought by one Lewis, the only bidder, ostensibly for J. D. Osborne, but really for Shea and Plowman; that Osborne was not present at the sale, did not know of it, and was not a party to the purchase; but "being a near relative of defendant Plowman, the deed was made out in his name to said lots, for the benefit of said Plowman and Shea, the said defendant Osborne being instigated to make the pretended purchase by Plowman;" that the plaintiffs A. M. Prather and R. B. Prather (the latter being absent from the State) were ignorant of the levy and sale, and that the defendants Plowman and Shea exerted themselves to conceal these facts from the plaintiffs; that at the time of the levy and sale the lot claimed by R. B. Prather was in the name of A. M. Prather, who held it in trust for R. B. Prather; that the lot was acquired and improved with the funds of R. B. Prather and for his use and benefit, and the deed thereto was taken in the name of A. M. Prather at the instance of R. B. Prather, and as a matter of convenience; that the latter was on November 1, 1885, residing in Georgia, but had formed the intention of moving to Texas with his family, and for that purpose sent the money to A. M. Prather, a resident of Dallas, with which the lot was purchased and a house built to be used by R. B.

Prather as his homestead; that on arrival at Dallas with his family, in pursuance of the intention stated, he found for the first time that his property had been levied on and sold; that at the date of the levy and sale the defendants all knew that the lot was the property of R. B. Prather; that at said date R. B. Prather was, by his agent A. M. Prather, in possession of the lot, and defendants had "full lawful notice" of his title. The plaintiffs also pleaded a tender of $70, with interest, to be paid to the purchaser, unless the court should find the rental value of the premises in excess of that sum.

The appellant answered as follows: General demurrer. Special demurrers: 1. Misjoinder of parties plaintiff. 2. Multifariousness. 3. Insufficiency of averment as to notice. 4. Insufficiency of averment that the sale of the Watson and Beggs lots was ground for complaint by appellee. 5 and 6. Insufficiency as to averment of purchase with trust funds. 7. Insufficiency of averment that this property was the home of R. B. Prather, appellee. General denial, "not guilty," and defect of parties plaintiff.

Defendant Shea pleaded "not guilty."

As already noted, the court sustained the exception of misjoinder and dismissed the plaintiffs Watson and Beggs from the suit. It also sustained the exceptions numbers 2 and 4, and overruled the general demurrer and special exceptions numbers 3, 5, 6, and 7. The suit was dismissed as to the defendant Plowman, and judgment, from which this appeal is prosecuted, was entered January 19, 1889, on a verdict returned for the plaintiff R. B. Prather for the lot in controversy, and for appellant for $85.15.

Among divers assignments of error relied upon by appellant for the reversal of the judgment, we find the following: "The court erred in failing and refusing to make a statement of facts in this case, when plaintiff and defendant had disagreed and submitted their respective statements, as is shown by affidavit herewith filed."

The affidavit referred to was made by George H. Plowman, appellant's attorney, March 27, 1890. The affiant states, in effect, that as attorney for the defendant J. D. Osborne, he prepared, before March 12, 1889, a statement of all the facts in the case, which he submitted to the attorneys representing the plaintiffs, they refusing to agree to it; that this statement, with the refusal indorsed, was delivered to the presiding judge, Burke; that subsequently, and before the adjournment of the court, he requested Judge Burke, in person, to make up a statement of facts from the statement made by affiant and a statement made and delivered to the judge by the counsel for the plaintiffs; that this request was often repeated, and as often followed by a promise of compliance from the judge; that finally, long after the end of the term, the judge told affiant that he would make some slight changes in the statement submitted by affiant, which, together with the statement sub-

mitted by plaintiffs' attorneys, he had caused to be filed within proper time, and would approve it; that the judge failed to comply with this promise, and has never made out a statement of facts.

There is also in the record a certificate of the clerk of the District Court of Dallas County, to the effect, that the attorneys for plaintiffs and defendants, having failed to agree, submitted respectively a statement to the judge, in accordance with whose order they were filed, March 15, 1889, and that neither having been approved by the judge, no statement of facts is incorporated in the record.

An order had been entered allowing ten days from the adjournment of the court, March 9, 1889, within which to prepare and file a statement of facts. Since the Act of 1887 (Sayles' Civ. Stats., art. 1379a), an appellant exerting due diligence is not restricted to the ten days allowed to secure a statement of facts. It was accordingly suggested in Reagan v. Copeland, 78 Texas, 551, and has been since held in Telegraph Company v. Richardson, 79 Texas, 649, that a party aggrieved by the failure or refusal of a district judge to approve a statement of facts may at once procure a writ of mandamus compelling him to discharge his statutory duty. It hence follows, in our opinion, that in the exercise of proper diligence it was incumbent on the appellant in this case to apply to the Supreme Court for the writ mentioned. The cause stated should not require a reversal of the judgment.

There are several assignments of error in the record, complaining of the action of the court in the giving and refusing of charges. In the absence of a statement of facts, we refrain from a consideration of the questions suggested by these assignments. If the charges given be incorrect, or those refused be correct, as abstract propositions of law, we would yet be unable to say that under the facts the action of the court with reference to them was prejudicial to the rights of appellant. White v. Parks, 67 Texas, 605.

Our task is therefore limited to a review of the assignments questioning the sufficiency of plaintiff's petition. Of these there are two: 1. That the court erred in overruling defendant's special exception "to that part of plaintiff's petition wherein it is alleged that A. M. Prather purchased the lots with R. B. Prather's funds, and held said property in trust for R. B. Prather, and in his name, for the convenience of R. B. Prather, etc., for that it is not alleged that the defendant knew of this alleged trust at the time of his purchase." 2. That the court erred in overruling defendant's special exception, to the effect, that "it is not alleged by plaintiff that defendant Osborne had notice that the property was bought by A. M. Prather with funds of R. B. Prather."

It was alleged that at the date of the levy and sale the defendants all knew that the lot was the property of R. B. Prather; that at said dates

the defendants had "full lawful notice" of his title. These allegations of notice were in our opinion sufficient. If the appellant had notice of appellee's title he could not be a purchaser in good faith, though actually ignorant of the elements, ingredients, or history of the title.

The judgment should be affirmed.

*Affirmed.*