## PADDOCK-HAWLEY IRON COMPANY v. GIDCUMB & CO.

### Decided May 4, 1901.

**Statement of Facts—Trial Judge's Failure—Mandamus—Reversal.**

Where it is shown that the trial judge promised appellant to prepare a statement of facts, but neglected to do so until after the statutory time had expired, and was then unable to recollect the facts, appellant's failure to resort to mandamus to compel the judge to prepare and file such statement is held excusable, and since the errors assigned on the appeal are of a character that can not be considered in the absence of a statement of facts, the judgment is reversed and the cause remanded.

Appeal from the Courty. Court of Dallas. Tried below before Hon. Kenneth Foree.

*Terry, Ballinger, Smith & Lee,* and *Wirt Mann,* for appellant.

*R. C. Porter* and *C. F. Cohron,* for appellee.

#### ON MOTION FOR REHEARING.

GILL, ASSOCIATE JUSTICE.—The judgment in this cause was affirmed by this court without written opinion for the reason that no action of the trial court was complained of which, in the absence of a statement of facts could be held ground for reversal, and no statement of facts appeared in the record. It was contended by appellants, however, that the cause should be remanded because, through no fault of theirs, they had been denied the benefit of a statement of facts, and in the argument and motion for rehearing that ground is again urged with much force. We were of opinion on the original hearing that this contention could not be upheld, because the remedy of an appellant, when the trial judge denies him a statement of facts, is to seasonably enforce his rights by mandamus and that this course would have been effective in this case had the appellants moved in time. Reagan v. Copeland, 78 Texas, 556; Osborne v. Prather, 83 Texas, 210.

Appellant did not resort to the writ of mandamus in this instance, and contend that their failure to do so is excusable because they have made it appear by the record without dispute that such a course would have been futile, as at no time prior to the expiration of the time allowed by law for the filing of a statement of facts or since that time has it been possible for the trial judge to prepare one.

Appellant's motion for a new trial was overruled on March 2, 1900. The order allowing ten days after adjournment in which to make up and file a statement was made on the same date. The court adjourned for the term on March 3, 1900. It is shown by the affidavit of appellant's attorney that he prepared a statement of facts within the ten days allowed, and presented it to opposing counsel who, after retaining it a few days, declined to agree to it. He thereupon, on March 8th, presented it to the trial judge, advising him of the disagreement, and requesting him to make up and file a statement within the time. This the judge promised to do, if possible. It is made to appear from the affidavit of the trial judge that, on account of pressure of other business, sickness in his family, and very sore eyes with which he himself was afflicted, he was unable to prepare and file the statement within the ten days. That these conditions continued until the date of his affidavit, at which time the facts had passed out of his mind and he was unable to remember them, and that as there were material differences in the contention of the parties as to the facts actually proved on the trial, he was unable to furnish a statement of facts.

Under these circumstances, the appellant's attorney having exercised diligence and being in no respect at fault, should it be held that by his failure to resort to mandamus he has in effect lost his right of appeal? Had the trial judge lost his mind before the expiration of the ten days, it is plain that appellants need not have resorted to mandamus in order to preserve their right of appeal. The law does not require of appellants a useless and futile thing. So if we were in error in holding that appellant had failed to exercise diligence, the judgment of affirmance should be set aside. We were at first of opinion that the affidavits disclosed that mandamus, if brought immediately upon the expiration of the ten days, would have compelled the trial judge to furnish a statement of facts, for at that time it does not appear that the judge had forgotten the facts proven. Upon reconsideration we conclude it is fairly made to appear that at no time did the trial judge refuse to make a statement, and that whenever urged by appellant's counsel to do so gave such good reason for postponing the matter as to excuse appellant for failing to proceed against him by mandamus. When it finally appeared that the facts had passed out of the judge's mind, a resort to the writ would have been useless.

Writs of mandamus have been frequently denied upon a showing that the object sought was for any reason impossible of accomplishment. This court, in Capps v. Russell, 25 Texas Civil Appeals, ——, 60 Southwestern Reporter, 993, denied the application for the writ because the time had passed wherein the appeal could in any event be perfected.

If the trial judge should die or become insane after the adjournment of his court and before certifying the statement of facts within the time allowed, a new trial could not be granted by his successor, for on adjournment the trial judge loses all power over the judgment. The successor could not furnish a statement of facts, for he could not have

been officially present at the trial. A writ of mandamus would accomplish nothing. The only remedy of appellant would be an appeal. In the case at bar the trial judge is unable to remember the facts, and the parties 'can not agree. The writ could not compel his recollection, and ought not to compel him to certify a statement which he can not in good conscience certify to be true. His misfortunes of sickness in his family, personal affliction, and loss of recollection as to the facts of this case should not be visited on appellant, and to affirm this case could have no other effect. In Hilburn v. Preston, 32 Southwestern Reporter, 703, the judgment was reversed and the cause remanded for a like reason, though upon a state of facts differing from those in the case at bar. A like rule obtains in Louisiana. Meyer Bros. v. Dupree, 25 La. Ann., 216.

In affirming the judgment we necessarily held that the assignments complaining of the action of the court in overruling exceptions were without merit. The other assignments complain chiefly of the introduction of evidence over objection, and as the admissibility of evidence is frequently dependent on other evidence adduced, we can not, in the nature of things, dispose of these assignments in the absence of a statement of facts. We will therefore give them no further notice. For a like reason it is unnecessary to state the nature and result of the suit.

The motion for rehearing is granted, and the judgment is reversed and the cause remanded.

*Reversed and remanded.*