## MARSHALL v. MARSHALL.

(Court of Civil Appeals of Texas. El Paso. Oct. 25, 1912. Rehearing Denied Nov. 13, 1912.)

1. EXECUTION (§ 256*) — SALE — VACATION — PARTIES.

In a suit to set aside an execution sale, failure to make plaintiff in execution a party to the suit is ground for special exception to the petition.

[Ed. Note.—For other cases, see Execution, Cent. Dig. §§ 723–733; Dec. Dig. § 256.*]

2. EXECUTION (§ 256*) — WRONGFUL SALE — SUIT TO VACATE—PARTIES.

Where, in a suit to set aside an execution sale, plaintiff alleged that the sale was made after settlement with the plaintiff in execution, and that before the hour of sale plaintiff notified defendant, who purchased at the sale, that she had compromised and settled the judgment, and that the plaintiff in execution had promised her that the sale would be abandoned, such facts were insufficient to take the case out of the general rule that, in such an action, both the plaintiff in judgment and the purchaser at the sale are necessary parties.

[Ed. Note.—For other cases, see Execution, Cent. Dig. §§ 723–733; Dec. Dig. § 256.*]

3. EXECUTION (§ 256*) — SALE — VACATION — TENDER OF PRICE.

Where, in a suit to set aside an execution sale, plaintiff alleged a settlement of the judgment before sale, and a promise by the plaintiff in execution to stop the sale, and notice thereof to the purchaser before the sale, such facts were sufficient to charge the purchaser with fraud, and relieve plaintiff from the obligation of tendering to the purchaser the amount bid as a condition to setting aside the sale.

[Ed. Note.—For other cases, see Execution, Cent. Dig. §§ 723–733; Dec. Dig. § 256.*]

4. EXECUTION (§ 256*) — SALE — VACATION — FRAUD—COSTS.

Where defendant purchased at an execution sale with notice that the judgment had been settled and that plaintiff in execution had promised to stop the sale, but the sale was made on the entire judgment, and not to recover costs only, the purchaser's fraud vitiated the entire sale, and it was not material that the compromise of the judgment did not provide for payment of the court costs, or that no notice was given to the officer of the compromise.

[Ed. Note.—For other cases, see Execution, Cent. Dig. §§ 723–733; Dec. Dig. § 256.*]

5. EXECUTION (§ 256*)—SALE—FRAUD—VACATION—INADEQUACY OF PRICE.

Where defendant purchased at an execution sale with notice that the judgment had been compromised and that the execution plaintiff had promised to stop the sale, the purchaser's fraud, in addition to the inadequacy of the price, was sufficient to vacate the sale within the rule that mere inadequacy of price is not of itself sufficient for that purpose.

[Ed. Note.—For other cases, see Execution, Cent. Dig. §§ 723–733; Dec. Dig. § 256.*]

Error from District Court, El Paso County; A. M. Walthall, Judge.

Suit by May Marshall against K. T. Marshall. Decree for complainant, and defendant brings error. Reversed.

Frank G. Morris and Sam B. Gillett, both of El Paso, for plaintiff in error. W. B. Ware, of El Paso, for defendant in error.

McKENZIE, J. Defendant in error, May Marshall, as plaintiff sued plaintiff in error, K. T. Marshall, as sole defendant in the district court of El Paso county to set aside the sale and for the recovery of three certain lots situated in the city of El Paso. The sale was made under execution issued out of the justice court of precinct No. 1 of El Paso county upon a judgment against the defendant in error. The allegations in plaintiff's petition are to the effect that before the hour at which the sale was to take place the plaintiff compromised and settled with the plaintiff in execution the said justice court judgment, and in said compromise the judgment plaintiff promised to stop the sale of the lots. Before the sale of the lots took place, the plaintiff notified the defendant that she had compromised and settled the judgment, and notified him of the promise made to her by the plaintiff in execution that the sale of said lots had been abandoned and would not take place. Other allegations in the petition, when taken with the foregoing, are sufficient, we think, to charge the plaintiff in error with the fraudulent purchase of said lots at said sale. It is also alleged that the purchase money paid by the plaintiff in error for the lots at the sale was paid into the justice court, and that the plaintiff in execution refused to accept any part thereof, upon the ground that the judgment had been settled by the plaintiff before the sale. It is also charged that the purchase money, after deducting the costs of court, was still in the hands of the justice of the peace, and no part of same went to the liquidation of the judgment debt. The case was tried by the court without a jury, and judgment was rendered for the plaintiff for the recovery of the lots, from which judgment the defendant appeals.

[1] Failure to make the plaintiff in execution a party to the suit is ground for special exception to the petition. This exception was overruled by the trial court, which action is assigned as error.

[2] We are of the opinion that from the allegations in the petition the plaintiff in execution became a necessary party to the suit. The general rule is that, in an action to set aside a sale made under judgment, both the plaintiff in judgment and the purchaser of the property at the sale should be made parties. Ewing & Wilson v. Wilson, 63 Tex. 88; Toler v. Ayres, 1 Tex. 398; McKinney v. Jones, 7 Tex. 598, 58 Am. Dec. 83; Good v. Coombs, 28 Tex. 34. The allegations in the petition are insufficient to take the case from the general rule, and we are of the opinion that the assignment of error should be sustained.

[3] By the second assignment of error, it is contended that the trial court erred in overruling the general demurrer on the ground that no tender was made of the mon-

ey paid by defendant for the purchase of the lots at the execution sale. The answer to this is that sufficient facts are alleged in the petition to charge the defendant with fraud in the purchase of the lots, and also to charge the defendant with notice of the compromise and settlement as between the plaintiff and the plaintiff in execution. It is well established that in a suit to set aside a sale made under execution the plaintiff is not required to tender the purchaser the amount bid by him for the land where the sale was procured by the purchaser's fraud. Storer v. Lane, 1 Tex. Civ. App. 250, 20 S. W. 852; Brown v. Lane, 19 Tex. 203; Teas v. McDonnell, 13 Tex. 349, 65 Am. Dec. 65. The allegations, we think, in the petition are sufficient to charge defendant with notice of the settlement of the judgment; hence the defendant did not become a purchaser in good faith at said sale. Osborne v. Prather, 83 Tex. 208, 18 S. W. 613. The assignment of error is therefore overruled.

[4] By other assignments of error plaintiff in error contends that the compromise did not provide for the payment of the court costs, nor was notice given to the officer executing the writ of the compromise and settlement, nor were instructions given said officer not to proceed with the sale. Therefore the judgment should have been for the plaintiff in error. Under the findings of fact of the trial court, we do not think the assignment is well taken. The contention would be meritorious had the plaintiff in error been an innocent purchaser at said sale and had his acts been free from fraud. It is clear that the sale was made upon the entire judgment, and was not made for the purpose of recovery of the court costs only, and, it appearing from the facts as found by the trial court that the purchase was fraudulent and was made after the plaintiff in error had notice of the compromise, such fraud and notice would vitiate, we think, the entire sale.

[5] Plaintiff in error also contends that mere inadequacy of price paid for the lots at said sale is of itself insufficient to set aside the sale. The general rule is that mere inadequacy of price is not in itself sufficient to warrant the interference of equity for the purpose of setting aside the sale. However this may be, the general rule has its exceptions. The law is as succinctly stated by Chief Justice Willie in the case of Kaufman & Runge v. Morriss, 60 Tex. at page 123. The learned Chief Justice, after discussing a number of cases, concludes as follows: "The inference from these cases is that, as the inadequacy of price becomes greater, the slighter need be the circumstance of fraud, accident or mistake to disturb the sale." We think it is clear from the findings of fact that the defendant in error relied upon the promise of the plaintiff in execu-

tion to stop the sale, and that the plaintiff in error was advised and was charged with notice that the judgment had been adjusted as between the defendant in error and said plaintiff in execution, which, coupled with the fraudulent acts on the part of the plaintiff in error, caused said land to bring at said sale an inadequate price, and brings this case within the exception to the general rule.

The foregoing remarks dispose of the several assignments of error. Because the court erred in its failure to sustain the special exception as to parties, we are of opinion that the case should be reversed and remanded for a new trial, and it is so ordered.