HOUSTON & T. C. R. CO. v. HUGHSTON.

(Court of Civil Appeals of Texas. Dallas. March 14, 1914.)

1. APPEAL AND ERROR (§ 928*)—REVIEW—PRESUMPTIONS — INSTRUCTIONS — EVIDENCE NOT IN RECORD.

In the absence of a statement of facts, the appellate court could not pass upon the merits of assignments complaining of instructions since, though the instructions were erroneous, it would be presumed that the evidence, if presented, would render such errors harmless.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3749–3754; Dec. Dig. § 928.*]

2. APPEAL AND ERROR (§ 571*)—STATEMENT OF FACTS—COMPELLING APPROVAL—MANDAMUS.

A party can, by mandamus, compel the trial judge to approve a statement of facts when the judge wrongfully fails or refuses to approve it.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2550–2553; Dec. Dig. § 571.*]

Appeal from Collin County Court; H. L. Davis, Judge.

Action by A. P. Hughston against the Houston & Texas Central Railroad Company. From a judgment for plaintiff, defendant appeals. Affirmed.

Baker, Botts, Parker & Garwood, of Houston, and G. R. Smith, of McKinney, for appellant. Wallace Hughston, of McKinney, for appellee.

RAINEY, C. J. Judgment was rendered in this case against the appellant in favor of appellee for injuries to certain shipment of grain, and appellant prosecutes this appeal.

Three assignments of error complain of the charge of the court, and one that appellant was wrongfully deprived of a statement of facts.

[1] There being no statement of facts in the record, we are unable to pass upon the merits of said assignments. If the charges complained of are not the law, the evidence, if presented, might show that said charges were harmless, or that no other proper judgment should have been rendered; hence we will presume the judgment is correct.

[2] As to the assignment that appellant was wrongfully deprived of a statement of facts, it is sufficient to say that appellant did not resort to all the remedies afforded it by law to secure a statement of facts. If the judge was in fault in refusing or failing to approve a statement of facts, the parties not having agreed on one, the appellant had the right to sue out a writ of mandamus requiring the judge to act in the matter. Such writ was not applied for. Osborne v. Prather, 83 Tex. 208, 18 S. W. 613.

Therefore the judgment is affirmed.