FIRST NAT. BANK OF EMORY v. HERRELL. (No. 7650.)

(Court of Civil Appeals of Texas. Dallas. Dec. 16, 1916.)

1. JUDGES ⊚═45 —DISQUALIFICATION TO ACT —RELATIONSHIP TO PERSON INTERESTED.

A judge of the county court, who presided at the trial of a cause, who was related within the third degree to one of the sureties on the appellant's bond against whom judgment should have been rendered, by reason of his undertaking as such surety, should have recused himself as disqualified, and declined to make any order in the case on appeal to the county court.

[Ed. Note.—For other cases, see Judges, Cent. Dig. §§ 208–212; Dec. Dig. ⊚═45.]

2. JUDGES ⊚═42—DISQUALIFICATION TO ACT.

Where a judge had actual knowledge that the allegations of a cross-action in a suit in the justice's court were sufficient to show a cause of action against him, and the record fails to show that the purpose for making him a party was to disqualify him to try the original suit, having thus been made a party to the suit, he should have held himself disqualified to sit in the case on appeal to the county court.

[Ed. Note.—For other cases, see Judges, Cent. Dig. §§ 190–200; Dec. Dig. ⊚═42.]

3. APPEAL AND ERROR ⊚═499(2)—RECORD— SHOWING RESERVATION OF GROUND FOR REVIEW—BILL OF EXCEPTION.

Where a transcript does not show that the necessary order was made and entered of record, showing what disposition was made of a plea in abatement for nonjoinder of necessary parties, and it does not appear, except by bill of exception, that the plea was called to the attention of the court and action taken thereon, the plea cannot be reviewed.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 2296; Dec. Dig. ⊚═499(2)).]

4. USURY ⊚═110—RECOVERY OF USURY PAID —NECESSARY PARTY.

The joint and several obligors with the defendant on contracts claimed to be usurious are necessary parties to an action to recover the usurious interest paid.

[Ed. Note.—For other cases, see Usury, Cent. Dig. §§ 270, 271; Dec. Dig. ⊚═110.]

5. JUSTICES OF THE PEACE ⊚═146(1)—DECISIONS REVIEWABLE—"FINAL JUDGMENT."

A judgment in a justice court in favor of the plaintiff, though it failed to expressly dispose of the defendant's cross-action or plea in reconvention, is a "final judgment," which will support an appeal.

[Ed. Note.—For other cases, see Justices of the Peace, Cent. Dig. §§ 490, 491; Dec. Dig. ⊚═146(1).

For other definitions, see Words and Phrases, First and Second Series, Final Judgment.]

6. PLEADING ⊚═214(1) — DEMURRER—ADMISSIONS BY DEMURRER.

For the purpose of a general demurrer, the allegations of a cross-bill must be taken as true.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 525, 529; Dec. Dig. ⊚═214(1).]

7. PLEADING ⊚═148—CROSS-BILL—SUFFICIENCY.

In action to recover usury on promissory notes, a cross-bill, alleging that the plaintiff and others had entered into a conspiracy to bring suits against the defendant bank, charging it with dealing unfairly with its customers, and that plaintiff's counsel was to accept as compensation a part of whatever moneys could be obtained from this defendant, that in pursuance of this conspiracy this suit was brought by plaintiff willfully and maliciously to injure the defendant, and that by the bringing of the suit the defendant has been injured in damages stated was sufficient to show a cause of action in reconvention or cross-action and authorize the admission of evidence to support it.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. § 301; Dec. Dig. ⊚═148.]

8. APPEAL AND ERROR ⊚═554(1)—STATEMENT OF FACTS—AFFIDAVIT AS TO DEPRIVATION OF.

In an action to recover usury charged on notes, an affidavit that a statement of facts had been prepared, signed by attorneys for both parties, as a fair and correct statement, but that the trial judge had refused, either to approve or disapprove of same, stating that he intended to prevent an appeal, was sufficient to warrant the conclusion that appellant and counsel did all possible to procure a statement of facts in accordance with the statute, and that they were deprived of such statement by the arbitrary action of the judge.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2472–2474, 2476, 2477; Dec. Dig. ⊚═554(1).]

9. APPEAL AND ERROR ⊚═571—STATEMENT OF FACTS—PROCEEDINGS TO COMPEL—SETTLEMENT AND SIGNING.

Where a trial judge arbitrarily refused to approve a statement of facts made out and agreed to by the parties, or to make and file one himself, the appellant's remedy is by mandamus to compel the trial judge to discharge his statutory duty, and not to have the judgment against him reversed on appeal.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2550–2553; Dec. Dig. ⊚═571.]

Appeal from Rains County Court.

Suit by J. B. Herrell against the First National Bank of Emory. From a judgment of the county court for plaintiff on appeal, and from a judgment of the justice court for plaintiff, defendant appeals. Reversed and remanded.

W. B. Wynne, of Wills Point, and O. H. Rodes and W. H. Clendenin, both of Emory, for appellant.

TALBOT, J. This suit was instituted in the justice court of precinct No. 1, Rains county, Tex., by the appellee to recover of

the appellant the sum of $53 as usury, alleged to have been charged appellee on three certain promissory notes set out in his pleadings. The appellant answered by a general denial, and by way of a cross-action or plea in reconvention alleged, among other things:

"That it is engaged in the banking business, and the life and interest of its business is dependent largely upon its dealings with the citizenship of Rains county and its honesty and fair dealings with its customers is one of its chief assets. And defendant charges that for the purpose of destroying this defendant's business this plaintiff has entered into a conspiracy with a large number of citizens of Rains county to bring suits against this defendant, charging it with dealing unfairly with its customers, and thereby destroying its business and its business interests. And that in pursuance of this conspiracy this suit was filed against it. That W. W. Berzett and J. B. Allred have joined with this plaintiff as coconspirators to bring this suit, W. W. Berzett agreeing to act as counsel, agreeing to accept as compensation a part of whatever moneys could be obtained from this defendant. That this is done solely and purely for the purpose of destroying this defendant's business and injuring it. And in pursuance of this conspiracy and agreement this suit was brought by this plaintiff willfully and maliciously to injure this defendant, and that by the bringing of this suit this defendant has been injured and damaged in the sum of $125."

In this pleading appellant asked that W. W. Berzett and J. B. Allred be made parties defendant and served with citation, and that it have judgment against all of the defendants in its said cross-action in the sum of $125. It seems that the justice of the peace refused to have the said W. W. Berzett and J. B. Allred served with citation, and the case went to trial on the appellee's pleading and the appellant's cross-action as to appellee, and the trial resulted in a judgment for the appellee in the sum of $53. From this judgment the appellant appealed to the county court of Rains county, in which court a trial without a jury resulted again in favor of the appellee for the sum of $53, and the appellant perfected an appeal to this court.

There is no appearance in this court on the part of the appellee, and the case was submitted on the brief of appellant.

[1] Numerous assignments of error are presented, but we shall not undertake to state and discuss them in detail. The first question for decision is whether or not the county judge erred in not holding himself disqualified to try the case. The record as pointed out by the appellant discloses that before the parties announced ready for trial the appellant, by proper pleadings, suggested to the trial judge, the Hon. J. B. Allred, that he was disqualified to sit and try the case, because appellant had, in its pleadings in the justice court and in the county court, over which said judge was presiding, made him a party defendant to the cross-action filed in the cause, and because of his relationship by marriage to J. K. Woosley, one of the sureties on the appellant's appeal bond filed in the justice court for removing the cause by appeal from that court to the county court, and

that thereupon the said judge admitted that he was a second cousin to the said Woosley's wife, who was then living, but refused to hold himself disqualified to try the case. It is the law of this state that no judge of the district or county court shall sit in any case wherein he may be interested, or where either of the parties thereto may be connected with him by affinity or consanguinity within the third degree. Judge Allred, who presided at the trial of this cause, being related to J. K. Woosley, one of the sureties on the appellant's bond, against whom judgment might and should have been rendered by reason of his undertaking as such surety for the amount recovered by appellee against appellant, should have recused himself and declined to make any order in the case.

[2] But if he was not disqualified by reason of his relationship to said surety, he had, by appellant's pleadings, been made a party to the suit, and for that reason he was and should have held himself disqualified to sit in the case. The allegations of the cross-action were sufficient to show a cause of action against Judge Allred, of which he had actual knowledge, and the record fails to disclose that appellant's purpose in making him a party thereto was to disqualify him from trying the original suit.

[3] The complaint made in the third assignment of error, to the effect that the county court erred in overruling appellant's plea in abatement or nonjoinder of necessary parties plaintiff, cannot be considered, because it does not appear, except by bill of exception, that said plea was called to the attention of the county court and action taken thereon. If this plea was passed on by the trial court, an order should have been made and entered of record, showing what disposition was made of it, and a copy of that order should have been sent up in the transcript.

We have found no such order, and a bill of exception will not suffice.

[4] We will state, however, in view of the probability of another trial of the case, that the plea of nonjoinder of parties in question, charged, in substance, that several other parties named were joint and several obligors with the appellant on the contracts claimed in this suit to be usurious, and prayed that each of them be made parties thereto. The law upon this subject seems to be well settled. Alston v. Orr, 105 S. W. 234, decided by the Court of Civil Appeals for the Third District of this state, was an action for the recovery of the penalty given by our statute to any person or persons aggrieved for having been required to pay usurious interest, and the court held that all the makers of a joint and several note are necessary parties to an action to recover the usurious interest paid thereon. The court said:

"The right of recovery of the penalty, being based upon the statute, is in its nature indivisible"; that in such a "case there is but one cause of action based upon the usurious contract, * * * and the law does not con-

template, * * * the bringing of separate and distinct suits."

Of course the rule applies to joint and several makers of a note, and not to sureties thereon.

[5] The contention that the county court erred in assuming jurisdiction of the cause because the record fails to show that a final judgment had been rendered in the justice court, in that it does not appear that appellant's plea in reconvention or cross-action had been disposed of in that court, is not, under the comparatively recent decisions of the Supreme Court of this state made in Trammell v. Rosen, 106 Tex. 132, 157 S. W. 1161, well founded. Following that decision of the Supreme Court, this court, in Parker v. Emerson, 176 S. W. 146, held that a judgment in the justice court in favor of the plaintiff, though it failed to expressly dispose of the defendant's cross-action or plea in reconvention, was a final one which would support an appeal.

[6, 7] The record shows that the county judge sustained a general demurrer urged by the appellee to appellant's plea in reconvention or cross-action, which has been set out in the former part of this opinion, and that ruling of the court is assigned as error. We are of the opinion that the assignment should be sustained. The allegations of appellant's cross-bill for the purposes of the general demurrer must be taken as true, and, while not as full and specific as they should have been, were sufficient to show a cause of action and authorize the admission of evidence in support thereof.

[8, 9] It is made to appear by the affidavit of W. H. Clendenin, one of the appellant's attorneys, that it has been deprived of a statement of facts, and appellant insists, under an appropriate assignment of error, that the case should be reversed and remanded for this reason, if for no other. The affidavit of the attorney referred to appears to have been made and filed in the county court of Rains county on the 24th day of November, 1915. It recites that a statement of the facts in the case was prepared in the affiant's presence, and agreed to and signed by both the attorneys for the appellant and appellee as a fair, true, and correct statement of all the facts proved on the trial of the case; that said agreed statement so signed was presented by the affiant to J. B. Allred, county judge of Rains county, Tex., before whom the cause was tried, on three several days and dates, to wit, October 23, 1915, November 20, 1915, and November 23, 1915, with requests on each occasion that he approve same or prepare and file himself a statement of facts in the case within the time required by law, and that each time such request was made the said county judge refused either to approve or to disapprove the said agreed statement of facts, and refused to prepare and file a statement of facts himself. The affidavit further declares that the county judge did not claim that the agreed statement of facts was not fair, true, and correct, but that on the 23d day of November, 1915, the last time it was presented, he made the following statement:

"You have no right to appeal this case, and it is my business to see that you don't appeal it, and I will not do another thing in this case."

This affidavit is sufficient to warrant the conclusion that appellant and his counsel did all they could in the way pointed out by the statute to procure a statement of facts material to appellant's appeal, and that it was deprived of such statement by the arbitrary action of the judge who tried the case. In Joachim v. Hamilton, 186 S. W. 251, the opinion is expressed that it is well settled that where an appellant has been deprived of a statement of facts material to his appeal, without fault or negligence of himself or counsel, he is entitled to a reversal of the judgment from which he has appealed. But, according to decisions of the Supreme Court of this state, it seems that no matter how faultless an appellant's efforts may have been to secure a statement of facts in the manner prescribed by the statute, and no matter how arbitrary and unwarranted the trial judge may have been in refusing to approve a statement of facts made out and agreed to by the parties or to make and file one himself, the appellant is not entitled on appeal to have the judgment against him reversed, because his remedy was by mandamus to compel the trial judge to discharge his statutory duty in this regard. Reagan v. Copeland, 78 Tex. 551, 14 S. W. 1031; Railway Co. v. Lane, 79 Tex. 643, 15 S. W. 477, 16 S. W. 18; Osborne v. Prather, 83 Tex. 208, 18 S. W. 613. In the cases cited the court holds that in the exercise of proper diligence it is incumbent upon the parties aggrieved by the failure or refusal of the trial judge to approve or prepare and file a statement of facts to apply for a writ of mandamus to compel him to do so. In Railway Co. v. Lane, supra, the court said that:

"Since the passage of the statute which permits a statement of facts under * * * circumstances to be filed after the elapse of ten days from the adjournment of the court, no reason exists why a party who has used diligence to procure a statement of facts may not, by mandamus, compel the trial judge to prepare and file one when he has failed to do so."

There are other questions raised, but they have been disposed of by what we have already said, or cannot be considered in the absence of a statement of facts, or do not disclose reversible error.

For the reasons indicated, the judgment is reversed, and the cause remanded.