### DALLAS DEVELOPMENT CO. v. COMPTON et al.

#### No. 10560.

Court of Civil Appeals of Texas. Dallas.
March 1, 1930.

Rehearing Denied April 5, 1930.

Ernest V. Becker, of Dallas, for appellant.

S. P. Sadler, of Dallas, for appellees.

JONES, C. J.

The transcript in this cause was filed in this court on May 4, 1929, but no statement of facts has been filed. On October 26, 1929, appellant, Dallas Development Company, filed a motion in this court to reverse and remand the case because of alleged inability, without its fault, to secure a statement of facts. The facts in respect thereto are shown only by affidavits attached to the motion. The effect of these affidavits is that the inability to file a statement of facts resulted from the refusal of appellees' counsel to approve the statement of facts presented by appellant, and the failure of the trial judge to prepare a statement of facts when appellant's counsel reported to him the failure of counsel for appellant and appellees to agree on a statement of facts, and presented the statement of facts prepared as true and a correct statement. No assignment of error in reference to the matter complained of appears in the record, nor does there appear any bill of exception, order, or certificate of the trial judge in respect thereto, that could have been made a basis for an assignment of error.

Appellees, in their answer to this motion, attached affidavits, including the affidavit of the trial judge, the Honorable Towne Young, judge of the Forty Fourth district court of Dallas county, contradicting many of the material facts in the affidavits filed by appellant. These affidavits in effect show that an admittedly incomplete statement of facts was presented to the trial judge on the last day in which a statement of facts could be filed, with the request that it be approved and filed; that when informed by the attorney for appellant that such statement of facts had never been presented to counsel for appellee, the trial judge declined to examine it until after opposing counsel had had an opportunity to examine same; and that no other request in reference to a statement of facts was ever made by appellant or its counsel to the trial judge.

The motion to reverse and remand was passed by this court until the submission of the case, which was had on February 22, 1930. The case is therefore before this court, both on the motion to reverse and remand, and on the contention of appellant on the appeal that, independent of the motion, the cause must be reversed and remanded because of the failure of the trial judge to prepare a statement of facts.

The merits of appellant's motion cannot be considered by this court, for the reason that the matter sought to be adjudicated

does not appear in the record, but appears solely from the disputed facts disclosed by the various affidavits. Error because of the failure of the trial judge to prepare a statement of facts, when conditions have arisen that place such duty upon a trial judge, can only be considered by this court when same is presented by a proper assignment of error. The record not only fails to disclose that error was assigned and filed in the trial court, but also fails to disclose anything that could be made the basis for an assignment of error. The conditions which place the duty on the trial judge to prepare a statement of facts are set forth in article 2240, subds. 2 and 3, R. S. 1925. A compliance with these conditions, in so far as they apply to appellant, is shown only by affidavits attached to the motion to reverse and remand the case. The rule of law governing the matter under discussion is succinctly stated by 3 Texas Jurisprudence, p. 641, as follows: "To entitle a party to a reversal in any event the failure of the judge to approve the statement presented to him and to prepare one himself, must be shown by the record, and must be assigned as error. The matter must be presented by a bill of exception, and will not be considered when presented only by a motion for reversal filed in the appellate court, accompanied by affidavits setting out the facts."

The above announcement is supported by the following authorities: Ennis Mercantile Co. v. Wathen, 93 Tex. 622, 57 S. W. 946, 947, and the same case reported in (Tex. Civ. App.) 58 S. W. 971; Reagan v. Copeland, 78 Tex. 551, 14 S. W. 1031; Ludtke v. Warren (Tex. Civ. App.) 285 S. W. 339. The record in the case of Ennis Mercantile Co. v. Wathen, supra, is substantially the same as the record in the instant case. This was a case in answer to questions certified by this court, and the opinion is by Judge Brown, then Associate Justice of the Supreme Court. In the reported case, appellant seasonably filed the transcript, and on the same day filed a motion to reverse and remand because of the failure of the trial judge to approve the statement of facts presented to him. The facts, in reference to the failure of the trial judge in this respect, were shown by affidavits, the truth of which was not controverted, and disclosed that the failure was not due to any negligence on the part of appellant. We quote the following from the certificate of this court certifying the questions: "The plaintiff in error has not assigned as error the failure on the part of the trial judge to approve and sign the statement of facts presented to him, or his failure to prepare a statement of his own, if the statement presented was not correct. The only way in which the question is raised is by a motion accompanied by affidavits setting out the facts, promptly filed

in this court, and in which this court is requested to reverse the judgment and remand the case because of the failure on the part of the trial judge to approve and sign the statement of facts."

The questions certified were: (1) "Can the failure of a trial judge to sign a statement of facts be considered upon appeal, unless complaint against the omission is brought up in the assignment of errors?" (2) "Is the effect of a motion promptly filed in this court, showing the absence of a statement of facts in the record to have been the fault of the trial judge, and asking a reversal upon that ground, equivalent to assigning such omission as error, and causing the same to be incorporated in the record?" The questions were answered in the negative.

In a very terse and pointed discussion of the issues presented by these questions, the court used this language: "The failure of the judge in this case to approve the statement of facts presented to him, or to make one in case of disagreement of the parties, does not appear in the record in any manner specified by the statute, and was not a proper subject for assignment. * * * The appellate jurisdiction of the courts of civil appeals is directed to the correction of errors committed in the courts of proceedings prior to and connected with the rendition of the judgment, and they are confined to the record as it is made by the trial court. Willis v. Smith, 90 Tex. 635, 40 S. W. 401; Boggess v. Harris, 90 Tex. 476, 39 S. W. 565. A court of civil appeals cannot correct the record of a case by hearing testimony, nor can it inquire into acts occurring subsequently to the rendition of the judgment, and not made a part of the records."

On the authority of the above-cited cases, the motion to reverse and remand is overruled. This ruling also disposes of the same question raised on the appeal.

It is not contended by appellant that fundamental error in the trial of the case is apparent upon the record. We have examined the record in this respect and do not find that any question of fundamental error exists. It is therefore our conclusion that the motion must be denied and the case affirmed.

Affirmed.

### On Motion for Rehearing.

In their motion for rehearing, appellant apparently construed the opinion in this case to deny any relief when the error complained of was committed by the trial court after judgment had been entered. The opinion is not susceptible to such construction. The holding is that an error occurring after the trial of a case and in reference to the perfecting of the record, the appeal on such

complaint can only be considered by this court when such complaint is presented by proper assignments of error filed in the lower court and made the basis of an appeal, and that the mere filing of affidavits in this court, showing the commission of such error, cannot take tne place of proper assignments of error in the court below. That this rule of procedure must be followed is specifically declared in Ennis Mercantile Co. v. Wathen, 93 Tex. 622, 57 S. W. 946, cited in the original opinion and followed by this court in the disposition of this case. Motion for rehearing is overruled.

Overruled.