## STEFKA et al. v. HARTMAN et ux.

### No. 8733.

Court of Civil Appeals of Texas. Austin.

Oct. 19, 1938.

Jesse J. Bartlett and Harris & Harris, all of Austin, for appellants.

No briefs filed for appellees.

BLAIR, Justice.

Appellants, J. T. Stefka, E. A. Stefka, Charles Stefka, and Mary A. Stefka, sued appellees, A. P. Hartman and his wife, Alma Hartman, for damages resulting from the alleged conversion of six bales of cotton. A trial to the court without a jury resulted in judgment for Alma Hartman upon her plea of coverture; and for A. P. Hartman on his cross-action for $31.71, balance due the Hartmans for ginning the cotton, with instruction to A. P. Hartman to deliver to the Stefkas the warehouse receipt for the cotton upon their paying the $31.71 ginning charges. The judgment further decreed that the Stefkas had suffered no damages by reason of the holding of the cotton by Hartman.

The main question presented is whether appellants are entitled to a reversal of the judgment denying them damages because of the alleged failure of the trial judge to make and file a complete statement of facts, it being admitted in appellants' brief that the questions "cannot be determined by the statement of facts appearing in the record."

Appellants have filed an ex parte affidavit by J. T. Stefka wherein he avers that no official reporter acted in the case; that appellants prepared and certified to a full and complete statement of facts; that appellees' counsel would not agree to same; that request was made of the trial judge to approve same or prepare a statement of facts as required by law; that said judge prepared the statement of facts filed herein, and signed and approved by him, but that same was incomplete and did not contain certain facts set forth in the affidavit, which were asserted to have been proved on the trial. A purported bill of exception containing the same matters as were contained in the affidavit of J. T. Stefka, and also sworn to by Stefka, was filed in this court, but shows on its face never to have been presented to the trial judge, and was not signed nor approved by him.

█ The law is settled both by the Supreme Court and the Courts of Civil Appeals that an affidavit filed in such appellate courts, having for its object to discredit a statement of facts made out and

**618**

signed by the judge who tried the case below, cannot be regarded for any·purpose. Albright v. Corley, 40 Tex. 105, 106; Dallas Development Co. v. Compton, Tex.Civ.App., 26 S.W.2d 432; Rincon Ins. Co.·v. White, Tex.Civ.App., 83 S.W. 2d 1090. Such matters are for the determination of the trial court, and not this court; and not having presented such matters to the trial court for review and correction, if incorrect, appellants cannot here complain of the statement of facts or impeach or correct same.

■ There also appears in the record, filed herein upon motion of appellants, the findings of fact and conclusions of law made and filed by the trial judge at the request of appellants. These findings of fact, as well as the statement of facts of the trial judge, support the judgment of the trial court, and it will be affirmed.

Affirmed.