MARGIE CAPPS ET AL. v. J. G. RUSSELL, DISTRICT JUDGE.

Decided February 7, 1901.

**Mandamus—Statement of Facts—Appeal—Delay.**

While mandamus is the proper remedy to obtain a statement of facts on appeal where the trial judge fails to do his duty in making up the statement, the writ requiring him to do so will not issue where the relator fails to apply for it until after the time has expired in which the record should be filed in the appellate court.

Original application for mandamus.

*F. B. Martin,* for relators.

GARRETT, CHIEF JUSTICE.—The relator, Margie Capps, has filed an application in this court for a mandamus against J. G. Russell, judge of the Seventh Judicial District, requiring him to make out, certify, and file a statement of facts. The application shows that the relator was the plaintiff in a suit in the District Court of Gregg County, entitled No. 1215, Margie Capps and Husband v. Brown & Flewellen, for the recovery of $2400 for the rent of land; that the cause was tried before the court at the May term, 1900, and resulted in a judgment in favor of the defendants, to which the plaintiff accepted and gave notice of appeal to this court; that at the request of plaintiff an order was entered allowing ten days for the making-up and filing of a statement of facts; that the term of the court expired on the 2d day of June, 1900; that four or five days after the adjournment of the court plaintiff prepared a statement of facts and submitted the same to counsel for the defendant, who did not agree thereto; that plaintiff then transmitted her statement at once to the trial judge, the respondent herein, for him to approve or make up and file a statement; that the trial judge had ample time to make up and file a statement of facts within the ten days allowed by the order, but that though often requested he had failed and neglected to make up and file a statement of facts in said cause. Relator further shows by her application that she had perfected her appeal in said cause by filing an appeal bond in due time which had been approved by the clerk, and had filed an assignment or errors; but that although another term of the district court had elapsed since said appeal had been perfected, the said trial judge had not yet made up and filed a statement of facts in said cause as was his duty.

Mandamus is the proper remedy to obtain a statement of facts where a trial judge fails to do his duty as required by law. Reagan v. Copeland, 78 Texas, 555; Railway v. Lane, 79 Texas, 648; Osborne v. Prather, 83 Texas, 210. But the application should be made without delay. Reagan v. Copeland, supra; Osborne v. Prather, supra. The relator has been dilatory, and has allowed the time within which the

record should have been filed in this court to lapse without invoking the aid of the writ. If the writ should be granted now, it would be too late for the relator to maintain her appeal. When the writ would be of no avail, it will not be granted. McWhorter v. Northcut, 57 S. W. Rep., 904, and 58 S. W. Rep., 720; 13 Enc. of Pl. and Pr., 493; 14 Am. and Eng. Enc. of Law, 1 ed., 107. Because of the delay of the relator in making her application for the writ, it will be denied.

*Application denied.*