## W. H. Anderson v. J. R. Walker.

### No. 1126. Decided June 16, 1902.

**1.—Practice on Appeal—Statement of Facts—Excuse for Delay in Filing.**

Under article 1382, Revised Statutes, the Court of Civil Appeals can consider, in determining the case, a statement of facts filed too late, upon proof that the delay was not due to laches on the part of appellant. Ennis Mercantile Co. v. Wathen, 93 Texas, 624, distinguished. (Pp. 596, 597.)

**2.—Same—Statement Filed by Judge.**

Article 1382, Revised Statutes, applies and permits proof of diligence used in cases where the statement of facts was made out and filed by the trial judge, as well as in those where it was prepared by the party seeking to use it on appeal. (P. 597.)

Error to the Court of Civil Appeals for the Fourth District, in an appeal from Menard County.

Walker sued Anderson in trespass to try title, and recovered judgment, from which Anderson appealed and on affirmance obtained writ of error.

*Stapleton & Meek,* for plaintiff in error.

*Newton & Word* and *Wright & Wynn,* for defendant in error.

WILLIAMS, Associate Justice.—The judgment of the District Court in this case was reversed by the Court of Civil Appeals, and judgment was rendered by that court in favor of appellant. Appellee's first motion for rehearing had been overruled when, by a second motion, he for the first time made the point that the record showed that the statement of facts had not been filed within the ten days after adjournment allowed by order of the District Court for that purpose. The opinion of the Court of Civil Appeals shows that under leave given, counsel for appellant then filed in that court "evidence showing that the tardy filing was not due to laches on their part, but to acts of opposing counsel and the trial judge." This evidence the court thought it could not consider, consistently with the decision of this court in the case of Ennis Mercantile Company v. Wathen, 93 Texas, 624; and for this reason granted the rehearing, disregarded the statement of facts, and affirmed the judgment of the District Court. From this last judgment this writ of error is taken by the appellant.

We think the points involved in the two cases are different. In the case cited there had been no statement of facts made out, and the party appealing was seeking to reverse the judgment of the trial court because, without fault on its part, it had been deprived of one. This court, citing the statute regulating the hearing and decision of causes in the Courts of Civil Appeals, held that such ground for reversal could not be established and made effectual in the manner attempted.

In the present case, a statement of facts was made out and filed, and the appellant merely seeks to have it considered by the appellate court.

The statute (article 1382, Revised Statutes) provides:

"Whenever a statement of facts shall have been filed after the times respectively prescribed in the preceding articles 1379, 1380, and 1381 of this chapter, and the party tendering or filing the same shall show to the satisfaction of the courts of civil appeals that he has used due diligence to obtain the approval and signature of the judge thereto, and to file the same within the time in this chapter prescribed for filing the same, and that his failure to file the same within said time is not due to the fault or laches of said party, or his attorneys, and that such failure was the result of causes beyond his control, the courts of civil appeals shall permit said statement of facts to remain as part of the record, and consider the same in the hearing and adjudication of said cause, the same as if said statement of facts had been filed in time."

Here is express statutory authority to enable the appellant to show to the Court of Civil Appeals the facts upon which depends his right to have the statement of facts considered, and to authorize that court to pass upon the showing made.

It may be that the Court of Civil Appeals regarded this statute as applying, not to statements of facts made out and filed by the trial judge, as this one was, but only to those made out and filed by the party appealing, with the approval of the judge. Hilburn v. Preston, 32 S. W. Rep., 703. But we can not assent to this construction. The first part of the article refers to other sections prescribing the time for filing statements of facts, among which is the one providing for those made and filed by the judge. This shows that the provision applies to all. The subsequent language is not inconsistent with this. The filing, whether done by the party appealing, in person, or by the judge, is done for the former. He must make up his record, and when he submits to the judge his statement it is for the purpose of getting the approval and filing of it,—or of one to be prepared and filed by the judge. In either case he is the party "filing or tendering" the statement, when he seeks to have it considered by the appellate court. It is also "his failure" to file within the time allowed which he is to excuse, and not the failure of the judge. It is his duty to procure the filing within the prescribed time, if he can do so with due diligence; and a failure to do this is his failure, and must be explained by him. No reason is perceived for allowing such a showing where the appellant has, in person, filed a statement of facts prepared by him and approved by the judge; but denying it when he has lodged with the judge his statement, and the latter has prepared and filed for his benefit another. The decisions of this court have treated this statute as applying to statements of both kinds. Osborne v. Prather, 83 Texas, 211; Telegraph Co. v. Richardson, 79 Texas, 649.

We are of the opinion that the Court of Civil Appeals should con-

sider the statement of facts, if satisfied that the showing is sufficient, and its judgment will be reversed and the cause remanded to that court for further disposition.

*Reversed and remanded to Court of Civil Appeals.*