## R. W. GUYER v. H. J. SNOW ET AL.

### Decided October 28, 1905.

**1.—Practice on Appeal—Statement of Facts Wanting.**

Assignments of error relating to errors in the charge, the refusal to give special charges, and that the verdict is contrary to the evidence, can not be considered in the absence of a statement of the facts.

**2.—Statement of Facts—Filing.**

The filing of the statement of facts, whether done by the party appealing in person or by the judge, is done for the former, and the failure is appel'ant's where the filing, though made by the judge, is not made in time.

**3.—Same—Striking out Statement—Acquiescence.**

Where appellant did not object at the time to a motion to strike out the statement of facts, but, on the theory that the delay in filing was the fault of the judge and would require a reversal, insisted that the motion should prevail, he was not in a position to afterwards, at the hearing on the merits, ask a reversal on the ground that he was deprived of a statement of facts.

**4.—Same—Want of Diligence in Filing.**

Where plaintiff in error did not, until a month after the overruling of his motion for new trial and until the day before the expiration of the twenty days after the end of the term, allowed for filing, leave his proposed statement with the judge, there was a failure to use legal diligence to secure the filing of the statement of facts in time, it appearing that nothing whatever was done by him toward making up the statement until a very few days before the expiration of the time.

**5.—Same—Presumption—Action of Judge.**

There being nothing to show that the judge could have prepared the statement earlier than he did, the presumption must be indulged that he did his duty and prepared and filed the statement as soon as he could do so.

**6.—Practice on Appeal—Setting Aside Submission.**

Appellant's motion to set aside the submission of the cause and permit him to file additional affidavits in relation to the action of the trial judge in failing to file the statement of facts in time, will not be sustained where the statement of facts was stricken out April 1, and the cause was, upon notice for two weeks, submitted October 21, and no reason or excuse is shown why such additional affidavits were not filed during that interval.

Error from the District Court of Kaufman. Tried below before Hon. J. E. Dillard.

*Lee R. Stroud,* for plaintiff in error.

*Ed. R. Bumpus* and *J. W. Terry,* for defendants in error.

RAINEY, CHIEF JUSTICE.—Plaintiff in error sued H. J. Snow, W. H. Jack, P. G. Bacon and J. T. Miller, defendants in error, to recover damages and to quiet in him the title of one hundred acres of land. The petition alleged that plaintiff in error and all the defendants in error, except Miller, executed a note to the bank in Kaufman, Snow and Bacon being sureties only, and to secure them Guyer gave a deed of trust on one hundred acres of land. That said defendants in error, conspiring to ruin his credit and deprive him of said land, failed to pay the rents and revenues derived from said land on said note, but appropriated same to their own use, etc., and failed to pay off and discharge said note; that it became pressing and he had to borrow money from said Miller, etc.; that said land was sold under said deed of trust and bid in by said Miller, etc. Various and sundry transactions are alleged showing defendants in error's object to defraud him, etc. Defendants in error won below, and plaintiff in error appeals.

All of the assignments of error, except No. 15, relate to errors in the charge of the court, the refusal to give special charges, and that the verdict and judgment are contrary to and not supported by the evidence. These assignments can not be considered by this court because at the last term of this court the statement of facts was stricken from the record, being filed after the time prescribed by law, hence there is no statement of facts to look to in determining the merits of said assignments of error.

The exceptional assignment, No. 15, is as follows: "The plaintiff in the court below, who is plaintiff in error herein, has been, without fault on his part, deprived of a statement of facts herein after the time allowed by law, and the court's order is not a correct statement of the facts, and said Guyer, plaintiff in error, shows that he prepared a proper statement of facts and in due, reasonable time tendered it to the counsel for the defendants in error, who declined to agree, and then in due time tendered it to the court, that is to the trial judge, and left it with him with a request that he certify to it and allow it and file it or return it to him to be filed, and the judge neither certified to it nor allowed it nor filed it nor returned it, nor made out any statement of facts within the time allowed by law, nor filed any within such time, and defendants in error and their counsel failed to furnish said judge with any statement of facts prepared by them."

The proposition submitted under this assignment is, "Where plaintiff in error uses due diligence according to the terms of the law and the statute to obtain a statement of the facts proven on the trial of the cause, and is deprived of a statement of the facts, the cause will be reversed for that reason, if it be so made to appear satisfactorily by evidence offered to the Appellate Court." This proposition is correct, but we do not think plaintiff in error is in an attitude to

take advantage of it, if the facts warranted it in this case. On April 1, 1905, this court sustained a motion of defendants in error to strike out the statement of facts because filed too late. Plaintiff in error made no resistance to said motion, nor has he since asked a rehearing on said ruling, but on the other hand, insists that the court's action on the motion was correct. In his motion, filed October 21, 1905, to set aside the submission of the case he cites additional authorities to support his contention made in oral argument to this court to the effect that a statement of facts prepared by the judge as in this case was not the plaintiff in error's statement of facts, but that of the court for which the plaintiff in error would not be held responsible, when filed too late, and for that reason the action of this court was right, and plaintiff's only remedy was a reversal for the fault of the judge. For the position that plaintiff in error was in no way responsible for the statement of facts filed by the judge, he cited Preston v. Hilburn, 32 S. W. Rep., 702. This case has been overruled, or rather a contrary doctrine has been held by our Supreme Court in the case of Anderson v. Walker, 95 Texas, 596, wherein it is said, "The filing, whether done by the party appealing, in person, or by the judge, is done for the former. He must make up his record, and when he submits to the judge his statement it is for the purpose of getting the approval and filing of it, or of one to be prepared and filed by the judge. In either case he is the party 'filing or tendering' the statement, when he seeks to have it considered by the Appellate Court. It is also 'his failure' to file within the time allowed which he is to excuse, and not the failure of the judge." So when the motion to strike out the statement of facts was filed it was plaintiff in error's duty to then show his diligence in procuring the filing of the statement, and he should not now be heard to assert that it was not his statement, but that of the court, and for which he is not responsible.

But aside from this, plaintiff in error, in our opinion, does not relieve himself of the want of diligence in procuring a statement of facts. The record shows that the motion for new trial was overruled on June 27, the court allowing 20 days after adjournment of court to file statement, etc. Court adjourned July 8, and by plaintiff in error's affidavit filed in support of his fifteenth assignment of error he claims that defendant in error's attorneys would not agree to a statement, and that he prepared one and delivered it to the judge on July 26, the 28th being the last day for filing. In a motion to strike out, the attorneys for Snow, Bacon and Jack, in an affidavit filed March 31, 1905, swear that plaintiff in error never tried to get them to agree to a statement of facts. The attorney for Miller, Ed. R. Bumpas, swears that on the 27th day of July plaintiff in error came to Terrell and requested him to agree to a statement and he made every effort and did everything reasonable to try to agree on a statement, but failed. That on July 29, he went to Kaufman and met Judge J. E. Dillard, who stated to him that on July 28, 1904, plaintiff in error came to his residence and left some papers that he thought were in reference to the above case; thereupon, after discussing the matter, he sent for plaintiff in error, who after request of him, procured the stenographic report and after

looking it over the court attached his certificate to same, being on the 21st day after court adjourned.

It seems to us from plaintiff in error's statement that he failed to use legal diligence to secure the filing of the statement of facts in time, and to such failure is due the absence of a statement of facts from the record. From June 27, the time his motion for new trial was overruled, until July 22, nothing whatever was done by him toward making up a statement of facts. He contented himself with calling on the stenographer for his notes, and after receiving said notes he waited until July 26, as he says, and July 28, as Bumpas says, before leaving his statement with the judge. There is nothing showing that the judge had time to prepare the statement in time, in the absence of which the presumption must be indulged that the judge did his duty and prepared and filed the statement as soon as he could.

On October 21, 1905, after the submission of this cause, plaintiff in error, by counsel, presented a motion to set aside said submission and permit him to file additional affidavits in support of this assignment of error. This motion was overruled, because coming too late. Plaintiff in error's brief was filed March 13, 1905; the statement of facts was stricken out April 1, 1905. This cause was set down for submission on the 21st of October, which he had notice of for about two weeks prior thereto, and there is no reason or excuse shown why such additional affidavits were not filed during that interval.

The judgment is affirmed.

*Affirmed.*

Writ of error refused.