THOMAS MIDDLEHURST v. COLLINS-GUNTHER COMPANY.

No. 1591. Decided February 20, 1907.

**1.—Statement of Facts—Stenographer's Report.**

When neither appellant nor appellee demands and pays for a transcript of the stenographer's notes, the provision of section 5 (Acts 27th Leg., p. 32), that no other record of the testimony shall be sent up, does not apply, and it was error for the trial judge to refuse to make out a statement of facts in accordance with articles 1379, 1380, Revised Statutes, where appellant had made out from memory and tendered a statement to which appellee had refused to agree. (Pp. 252, 253.)

**2.—Same—Use of Stenographer's Notes by Court.**

The trial judge had a right to use the stenographer's notes to assist him in making a statement of facts, though appellant had refused to pay for the transcribing of same to be used as a statement. (P. 253.)

### 3.—Same—Remedy—Mandamus.

The remedy of an appellant, when the trial judge refuses to make out a statement of facts, is by mandamus from the Appellate Court to require him to do so, and not by assigning such refusal as error on appeal. (Pp. 252, 253.)

*H. B. Salliway* and *D. A. McAskill,* for appellant.—It is the duty of the court when a party desiring to appeal has placed a statement of facts and bills of exception in the hands of the opposing counsel, which the latter has refused to agree to, and same has been placed with the trial judge, to make out and file a correct statement of facts and bills of exception. Rev. Stats. 1895, chap. 18, arts. 1379 1380, and Acts of 1905, chap. 112. The law does not require a party appealing to appeal under the Act of 1905, but leaves it optional. (Rev. Stats. 1895, chap. 18, arts. 1379, 1380, and Acts of 1905, chap. 112.)

The law as stated in the Acts of 1905 does not preclude one from appealing under the law as set out in chapter 18, articles 1379, 1380 of the Revised Statutes, and the law does not contemplate that shorthand notes are the same as the transcript; and the law does nowhere in the Act of 1905 provide that the person appealing shall have a transcript of the stenographer's notes made, but expressly provides that if a transcript is not made the Acts of 1905 shall not apply, and the law nowhere excuses the trial judge from making out the statement of facts and bills of exception because he is unable to do so from memory. There is no law excusing him from filing a statement of facts and bills of exception because the law does not give him the power to compel the stenographer to prepare for him a transcript, and the law does not excuse him from filing statement of facts and bills of exception because he had no power to compel the defendant to furnish a transcript; and it does not excuse him from filing statement of facts and bills of exception because the plaintiff refused to furnish a transcript of the testimony, as provided for in any Acts of the Legislature of 1905.

*Ball & Ingrum,* for appellee.—The appellant in this case is without standing in the Court of Civil Appeals, because on failure of the trial court to approve of the statement of facts and bills of exception, it was the duty of the appellant to petition the Court of Civil Appeals for a writ of mandamus, and on the failure of the appellant to do so, he can not have this case reversed by an appeal. Reagan v. Copeland, 78 Texas, 555; Trinity & S. Ry. v. Lane, 79 Texas, 648; Osborne v. Prather, 83 Texas, 210; Maury v. Keller, 53 S. W. Rep., 59; Ennis Mercantile Co. v. Wathen, 93 Texas, 624.

On the failure of counsel to agree upon statement of facts, the provision in the Acts of the Legislature of 1905, chapter 112, page 219, controls, and provides the only method of preparing a statement of facts for the Appellate Court. (Acts of 1905, chap. 112, p. 219.)

The law does not require a party appealing to appeal under the Acts of 1905, but leaves it optional, where both parties agree to a statement of facts, but is mandatory where either party refuses to agree.

BROWN, ASSOCIATE JUSTICE.—Certified question from the Court of Civil Appeals of the Fourth Supreme Judicial District as follows:

"In the above styled and numbered cause, pending in this the Court of Civil Appeals for the Fourth District, a question of law arises which the court deems advisable to submit to the Supreme Court for adjudication, and has therefore directed me to certify to your honorable court the following question:

### "EXPLANATION.

"The assignments in this case present errors in regard to the failure of the trial judge to sign the bill of exceptions and statement of facts prepared by him. This court wrote an opinion, a copy of which accompanies this certificate, holding that appellant had been deprived of a legal right, but that he could not avail himself of the error on appeal, but should have proceeded by mandamus against the district judge. It appears to us, in considering a motion for rehearing, that the opinion is in conflict with an opinion rendered by the Court of Civil Appeals of the Third Supreme Judicial District, in the case of Houston & T. C. R. R. Company v. Burnett, 15 Texas Ct. Rep., 833, published since our decision was made. The facts as found by the district judge are as follows:

" 'On the 5th day of October, 1905, upon a trial of the above styled and numbered cause, the defendant recovered a judgment against the plaintiff to the effect that plaintiff take nothing by his cause, and that defendant recover costs of court, the said cause having been tried before the court. The testimony given in behalf of the plaintiff and the defendant was taken in shorthand by L. R. Lewis, a court stenographer, duly, regularly and legally appointed, under chapter 112, Acts of the Legislature of 1905, page 219. On October 7, 1905, plaintiff filed his motion for a new trial, which was, within the term of the court, overruled, and the court adjourned on the 4th day of November, 1905, and an order regularly entered in overruling said motion for new trial, giving the plaintiff twenty days in which to file his bills of exceptions and statement of facts. Thomas Middlehurst, the plaintiff, prosecuted his appeal in this cause, or gave notice of appeal and prepared to prosecute the same upon pauper's affidavit by making proof before the judge of the Thirty-seventh Judicial District of his inability to pay costs, or to give an appeal bond on the 17th day of November, 1905, and filed his affidavit of inability to pay costs or to make an appeal bond on the 17th day of November, 1905.

"On November 14, 1905, D. A. McAskill, attorney of record for plaintiff, presented to R. P. Ingrum, an attorney of record for defendant, a statement of facts prepared by the said D. A. McAskill from memory, and also bills of exceptions prepared by memory, to which bills of exception and statement of facts the said R. P. Ingrum refused to agree, because the same were not a correct statement of facts or a correct bill of exceptions, and for the further reason that there was a duly and regularly appointed court stenographer upon the trial of this cause who had taken the testimony, and that the statement of facts and bill of exceptions furnished by the said D. A. McAskill were not only not correct, but they were not in accordance with the Acts of the Legislature of 1905, on page 219. The said D. A. McAskill then tendered to the judge of the Thirty-seventh Judicial District the said prepared statement of facts and bill of exceptions, and the court then asked the

said R. P. Ingrum to furnish him also with a statement of facts and bill of exceptions, and the said R. P Ingrum refused to do so, giving as a reason that it was impossible for him to make up a statement of facts without the stenographer's notes, and that the duty did not devolve upon him to demand and pay for the stenographer's notes in order to furnish the court with a statement of facts. The court then said that he had no power to compel the defendant to furnish a statement of facts, and that he would not approve of the bill of exceptions and the statement of facts furnished by the plaintiff, and stated to the plaintiff 'that he should procure from the stenographer a transcript of the testimony as provided by the Acts of the Legislature of 1905, on page 219, as he believed this to be now the mode of procedure under the law.

"The above statement of facts and bill of exceptions so prepared by the plaintiff in this case were presented to this court for his approval on the 18th day of November, 1905.

"The court stenographer in this case was perfectly willing to furnish a transcript of the testimony upon the said D. A. McAskill or his client paying for the same, which the said D. A. McAskill and his client declined to do, and no demand was ever made upon the court stenographer at any time to furnish said transcript of the testimony.

"My reasons for not preparing a statement of facts and bill of exceptions in the above cause are, because I am unable to do so from memory, and I hold that I have a perfect right to demand of the stenographer for my own use, a transcript of the testimony, and that I have no power to compel the defendant in this cause to furnish me with a transcript, and the plaintiff has refused to furnish such transcript of the testimony, and I further hold that under the Acts of the Legislature of 1905, chapter 112, page 219, under the circumstances as shown by the facts above set out, I am without power to approve any other statement of facts than a transcript of the stenographer's notes with such corrections as are necessary under said act.

"Did the district judge err in his ruling as to the statement of facts and if so, should appellant, in order to avail himself of such error, have applied for a writ of mandamus against the district judge?"

We answer the question in the affirmative.

The judge of the District Court erred in not making out and filing a statement of facts under articles 1379 and 1380 of the Revised Statutes and the provisions of the Act of the Twenty-seventh Legislature which extended the time that the court might allow for making up a statement of facts to twenty days instead of ten. (Laws 27th Leg., p. 32.) The reason given by the judge for not making up a statement of facts was an insufficient excuse, for, especially under the laws of the Twenty-ninth Legislature authorizing the appointment of court stenographers, he had at his command ample matter from which to refresh his memory. In the first section of the Act the purpose for which it is enacted is expressed in these words: "For the purpose of preserving the record in all cases for the information of the court, jury and parties." The law was enacted to preserve the evidence for the court and it would be a narrow construction to put upon it to say the judge

has no means by which he could utilize the record made for his information. The law does not require the judge or the State to pay the stenographer for the use of the notes and the judge might have required a transcript of such portions as were necessary for his use, or he might have called upon the stenographer to read such portions of the record as he needed to refresh his memory.

Section 3 of the Act of the Twenty-ninth Legislature, providing for the appointment of stenographers, contains this language: "It shall be the duty of the official stenographer to attend all sessions of the court, to take full stenographic notes of the oral evidence offered in every case tried in the said court together with all objections to the admissibility of testimony: . . . to preserve all official notes taken in the said court for future reference, and to furnish either party a transcript of all of said evidence or other proceeding, upon the payment to him of the compensation hereinafter provided." Section 5 of the Act provides: "In case an appeal is taken from the judgment rendered in the said case, said original stenographer's transcript shall be sent up as a record of the said cause as the report of the testimony therein, the cost of such transcript paid by either party to be taxed against the party losing on such appeal; and no other record of said testimony shall be sent up on appeal; . . . provided, that in any case where such stenographic transcript is not made, this Act shall not apply." Only in case the transcript is demanded and paid for by one of the parties is the stenographer required to make out a transcript of the notes, and if this demand be not made, then the law does not apply to the case. The conclusion follows without argument that in this case the making of the statement of facts was governed by the law as it existed before the employment of stenographers and the duty of the judge was to proceed under that law and to use the stenographer's notes for the purpose of aiding him in the discharge of his duties. In fact, this is one of the most important purposes for which the stenographer is employed and to which his notes can be applied in the transaction of the business of the court.

The facts stated disclose nothing to prevent the appellant from applying to the Court of Civil Appeals for a writ of mandamus to the district judge requiring him to make and file a statement of facts. The Court of Civil Appeals should not, under such state of facts, consider the matter on bill of exceptions or an assignment of error. (Reagan v. Copeland, 78 Texas, 556; Trinity & S. Ry. Co. v. Lane, 79 Texas, 648; Osborne v. Prather, 83 Texas, 211; Guergin v. McGown, 53 S. W., 585.)