### TOLAND & CO. v. TURNER.

(Court of Civil Appeals of Texas. San Antonio. Jan. 8, 1913.)

1. APPEAL AND ERROR (§ 564\*)—TIME TO FILE STATEMENT—REPEAL.

Act 32d Leg. c. 119, giving 30 days in which to prepare and file a statement of facts, is in conflict with the old statute giving 20 days, and repeals the latter.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2501–2506, 2555–2559; Dec. Dig. § 564.\*]

2. APPEAL AND ERROR (§ 569\*)—STATEMENT OF FACTS—REVERSAL.

Where the parties to an action could not agree on the facts, and submitted statements to the judge, who could not from his own knowl-

edge determine the facts, but had conferences with jurors, and thus determined them, such statement was not prepared according to Rev. Civ. St. 1911, art. 2069, providing that the judge shall prepare a statement on disagreement from the statements of the respective parties and his own knowledge.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2530–2545; Dec. Dig. § 569.\*]

3. APPEAL AND ERROR (§ 644\*)—STATEMENT OF FACTS—WAIVER OF DEFECTS.

Where there is no record of the evidence, and the judge makes out the statement of facts by conferring with some of the jurors, being unable to do so from his own knowledge and statements of the parties, the party aggrieved by such statement of facts did not lose his right to complain thereof by failing to apply for a mandamus to compel a proper statement, because a writ of mandamus will not be issued when it would prove unavailing or when the respondent cannot obey it.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2795–2798; Dec. Dig. § 644.\*]

Appeal from Jackson County Court; L. F. Wells, Judge.

Action by W. E. Turner against Toland & Co. Judgment for plaintiff, and defendant appeals. Reversed.

Guy Mitchell and E. T. Rose, both of Edna, for appellant. W. W. McCrory, of Edna, for appellee.

FLY, C. J. This is a suit instituted by appellee against Fred Mauritz to recover the value of certain hay on 400 acres of land, which it was alleged appellee had sold to Mauritz. The latter answered that he had bought the hay for appellants, of which firm he was a member, and he asked that the firm be made a party, and that he be dismissed from the suit. Appellants appeared and answered. The cause was tried by jury and resulted in a verdict and judgment in favor of appellee against appellants for the sum of $362.72, of which amount appellee remitted $137.66.

[1] Appellants, under the law, had 30 days in which to prepare and file a statement of facts (Gen. Laws of 1911, pp. 264–268), although the county judge seemed to proceed on the theory that they had only 20 days. That part of the old statute which provided for the 20 days in which to make up a statement being in conflict with the act of 1911, it is repealed thereby. There are, however, portions of chapter 18, Revised Statutes of 1895, which have been carried into the Revised Statutes of 1911, which do not conflict with the acts of 1911, and consequently are binding, among the number being article 1380, Rev. Stats. of 1895, and 2069, Rev. Stats. of 1911. In that article it is provided: "If the parties do not agree upon such statement of facts, or if the judge does not approve or sign it, the parties may submit their respective statements to the judge, who shall, from his own knowledge, with the aid of such statements, make out and sign and

---

file with the clerk a correct statement of the facts proven on the trial; and such statement shall constitute a part of the record."

[2] The parties to this action failed to agree to a statement of facts, and each side submitted a statement to the county judge of the purported facts which he certifies "were contradictory on important issues." He further certifies that "I, with the aid of these statements, was not able, of my own knowledge, to determine all the facts proved, and since the trial I have asked members of the jury who tried the case what their recollections of the facts were on certain of said important issues and upon the information thus gained in part, I have made up and now file this as a correct statement of all the facts proved on the trial of this cause." It is clear from the certificate that the statement of facts was not made out by the county judge "from his own knowledge and with the aid of such statements," as required by statute. The effect of holding conferences with jurymen who had placed a construction upon the evidence adverse to appellants was to allow them to make out a statement to sustain the verdict they had rendered. That action might be proper if the law permitted it, but after they have rendered a verdict the powers and duties of jurymen cease, and the judge is made the sole arbiter. The trial judge is given authority to make out a statement of facts in case of disagreement between the parties, but the law provides the sources of knowledge from which he must draw his facts and does not authorize a statement made up from the memory of jurors, or any one else, except that of the judge. It follows that no statutory statement of facts is before this court, and it is the claim of the appellants that the statement is incorrect and does them great injury. Appellants have been deprived of a substantial right given them by law, and through no fault of theirs, and it would be perpetrating a wrong on them to have their case decided in this court upon a statement of facts not prepared according to law. Hilburn v. Preston, 32 S. W. 702. There is conflict between the case cited and the case of Anderson v. Walker, 95 Tex. 596, 68 S. W. 981, but only on the ruling as to who is to be held accountable for a failure to file a statement of facts in time, where the judge prepares the statement of facts. King's Conflicting Cases, § 96.

[3] The only question that can arise in this case is whether or not appellants should have applied to this court for a mandamus to compel the county judge to prepare a statement of facts. Appellee admits that the statement prepared by the county judge is not a legal statement of facts, but insists that appellants cannot be heard to complain because they should have applied for a mandamus from this court. The following cases are relied on to sustain the contention: Mid-

dlehurst v. Collins, 99 S. W. 1027, approved 100 Tex. 349, 99 S. W. 1025; Railway v. Lane, 79 Tex. 643, 15 S. W. 477, 16 S. W. 18; and Capps v. Russell, 25 Tex. Civ. App. 257, 60 S. W. 993. In the Middlehurst-Collins Case, which was decided by this court, the district judge certified that he could not from memory make out the statement of facts, but a stenographer had taken down all the evidence in the cause, and it was held by this court, and followed by the Supreme Court, that the judge could have been compelled to prepare a statement of facts from the stenographer's transcript of the evidence. In the Lane Case an instrument of writing was left out of the record by the trial judge, and it was held that he should have been compelled by mandamus to have placed the document in the statement of facts. In all of those cases a mandamus would have accomplished the desired end, because it was within the power of the trial judge to supply the deficiencies of which complaint was made, but in this case the trial judge had forgotten the most important facts, and it was an impossibility for him to make out a statement of facts from his own knowledge and the statements of the parties. To say that appellants had no remedy except that of mandamus to the county judge is to hold that he had no remedy whatever. If the judge had forgotten the material testimony, he could no more be compelled to make out a statement of facts than could a dead man. A writ of mandamus will not be issued when it may prove unavailing, or when the respondent cannot obey it. Merrill on Mandamus, §§ 75, 76. The courts of the country will not lend aid to any such unreasonable and absurd attempt.

The remedy by mandamus being futile and vain, appellants must be deprived of their right to a full, fair hearing in this court unless they can obtain relief here, and the only means given this court to afford relief to appellants is to reverse this cause and give them another trial in the lower court. They have done all they could to have this cause properly before this court, and should not forfeit their rights on account of the treacherous memory of a trial judge. They will not be allowed by this court to suffer therefrom.

The judgment is reversed, and the cause remanded.