OTTO v. WREN, County Judge, et al.
(No. 6522.)

(Court of Civil Appeals of Texas. Galveston.
Feb. 28, 1916.)

1. MANDAMUS ⊕⇒57(1) — TRANSCRIPT — DUTY
OF COURT—STATUTE.

Under Acts 32d Leg. c. 119, touching the duties of court stenographers, where plaintiff in an action filed an affidavit of inability to pay the costs of appeal or give security therefor, which affidavit the judge of the county court, upon contest, held sufficient, correct, and true, and ordered that plaintiff be allowed to appeal on such affidavit without giving a cost bond, etc., it was the duty of such judge compellable upon refusal by mandamus, to order the special stenographer, appointed for the trial, to transcribe his shorthand notes of the proceedings without charge.

[Ed. Note.—For other cases, see Mandamus, Cent. Dig. §§ 114, 115, 117–120; Dec. Dig. ⊕⇒ 57(1).]

2. MANDAMUS ⊕⇒57(1)—COURTS OF CIVIL AP-
PEALS—JURISDICTION.

Under Rev. St. 1911, art. 1592, conferring upon Courts of Civil Appeals the power to issue writs of mandamus to enforce jurisdiction, such a court has power to issue such writ to compel the official stenographer of a county court to prepare a transcript free of charge in connection with a pauper appeal, as required by Acts 32d Leg. c. 119.

[Ed. Note.—For other cases, see Mandamus, Cent. Dig. §§ 114, 115, 117–120; Dec. Dig. ⊕⇒ 57(1).]

3. MANDAMUS ⊕⇒57(1) — STENOGRAPHER —
COMPELLING PREPARATION OF TRANSCRIPT.

A court stenographer may be compelled by mandamus to transcribe his shorthand notes of proceedings in court taken by him by virtue of his appointment.

[Ed. Note.—For other cases, see Mandamus, Cent. Dig. §§ 114, 115, 117–120; Dec. Dig. ⊕⇒ 57(1).]

4. MANDAMUS ⊕⇒57(1) — OFFICERS—STENOG-
RAPHER — PAUPER'S APPEAL—PREPARATION
OF TRANSCRIPT.

A special stenographer in a county court appointed under Acts 32d Leg. c. 119, to act in a single case, who did so for three days, receiving his pay of $15 could be compelled thereafter by mandamus to prepare a transcript for the plaintiff, a pauper, free of charge, since under the statute it is the stenographer's legal duty to make such transcript, so that he does not cease to be an officer of the court when his pay ceases.

[Ed. Note.—For other cases, see Mandamus, Cent. Dig. §§ 114, 115, 117–120; Dec. Dig. ⊕⇒ 57(1).]

Mandamus proceeding by H. B. Otto against Clark C. Wren, County Judge, and others. Order made in favor of relator.

Stanley Thompson, of Houston, for relator. Stevens & Stevens, of Houston, for respondents.

LANE, J. This is an original proceeding in this court, instituted by H. B. Otto as relator against Clark C. Wren, judge of the county court at law of Harris county, and C. R. Triay, appointed by the judge of said court, at the request of the defendant in a case pending in said court, wherein H. B. Otto, relator, was plaintiff, and Harris county et al. were defendants, to serve as court stenographer under the provisions of section 12 of an Act of the 32d Legislature of 1911, p. 264, H. L. Washburn, county auditor, and the county of Harris.

The undisputed and admitted allegations of the petition are that on the 18th day of November, 1915, at a regular term of the county court at law of Harris county, of which court the respondents Wren and Triay were judge and special stenographer, respectively, a certain cause, entitled H. B. Otto v. Harris County et al., was tried and judgment rendered in favor of said county, and against relator, Otto; that in due time relator filed and presented his motion for new trial, which was by the court overruled, at which time relator in open court excepted and gave notice of appeal to this court; that in due time relator filed his affidavit of inability to pay the costs of appeal or give security therefor, which affidavit was contested, and, upon said contest respondent Clark C. Wren, judge, heard, held, and adjudged that said affidavit was sufficient, correct, and true, and that relator Otto could not pay the costs of appeal, or any portion thereof, and that he could not give bond to secure same, and ordered that H. B. Otto be allowed to appeal on his said affidavit without giving a cost bond; that the clerk of said court was directed to prepare a transcript of the record, as required in other appealed cases; that thereafter, in due time, relator made and filed his affidavit and motion asking respondent Clark C. Wren, said trial judge, to require the respondent C. R. Triay, special court stenographer, who had theretofore been appointed to report the proceedings of the trial of said cause under the Act of the 32d Legislature of 1911, p. 264, and who had accepted said appointment and made shorthand notes of said proceedings as required by law, and received $5 per day for such services as provided by said act, to make and file a transcript of notes of the testimony taken by him at said trial; that said motion was refused by respondent Wren, who caused an order to be entered in which he finds that relator is unable to pay said stenographer cash for his transcript and is unable to pay any part thereof, or to give security therefor; that the said stenographer was duly appointed to take the testimony in said cause, and did take the same; but that no oath of any kind was administered to or taken by said stenographer; that he took no steps to qualify as official stenographer; that there is no provision of law authorizing the granting of said motion, and to this order relator, in open court, excepted. It is also alleged that said Triay, stenographer, has refused, and still refuses, to make said transcript of said notes and file it with the clerk of said court as required by law, unless relator pays for same, which relator is unable to do, as shown by

his affidavit and the findings of the trial judge. It is also alleged that it took three days to try said cause, and that a number of witnesses were examined and gave testimony, and a number of·documents were introduced in evidence, and that it is practically impossible for relator or his counsel to reproduce said testimony unless aided by the transcript of the notes of said stenographer; that he has a meritorious cause of action; and that unless he can have a statement ·of facts before this court he cannot properly present the points relied upon by him for reversal of the judgment rendered against him in the trial court on his appeal in this court. He further alleges that he has no adequate remedy at law to enforce his rights. Upon the foregoing pleadings, he prays that this court order and direct respondent Clark C. Wren to issue an order to respondent C. R. Triay to forthwith transcribe his notes of the testimony taken by him at the trial of said cause without pay, and that said Triay be required to make said transcript in manner and form as required by law, and that the costs of these proceedings be taxed against respondents, etc.

Respondents Wren and Triay both admit all the material facts stated by relator's petition, but assert that the $15 paid to said Triay for his services was paid by the defendant Harris county. Said respondents further answer as follows: That respondent Clark C. Wren has judicially acted upon the matter in controversy, and that this court has no jurisdiction to issue a mandamus against him regarding the matter; that he acted purely within his judicial discretion, and that his acts cannot be corrected by mandamus proceedings; that a stenographer appointed under the provisions of the act of the Legislature, supra, is not a public officer within the meaning of the word "officer"; that if it be held that he was a de facto officer his position as such de facto officer ceased to exist when he was paid his $5 per diem for his services in reporting said cause; and that, as he is no longer an officer (if indeed he ever was such), mandamus will not lie to compel him to perform an official act.

[1] Section 4 of the Act of the Legislature of 1911, p. 264, known as the Stenographer's Act, provides that it shall be the duty of the stenographer to take full shorthand notes of all oral testimony offered in every case tried in the court wherein he is stenographer, etc., to preserve all such shorthand notes for future use or reference for four years, and to furnish to any person a transcript in question and answer form of all such evidence or any portion thereof, upon payment to him of the compensation provided by law.

Section 5 of the same act provides that in cases appealed the stenographer shall transcribe the testimony taken by him in the case in duplicate, in the form of question and answer, certifying that such transcript is true and correct, and shall file the same in the office of the clerk of the court within, such reasonable time as may be fixed by written order of the court; that he shall be paid, 15 cents per folio of 100 words for the original copy and no charge shall be made for the duplicate copy; that the sum so paid shall be taxed as costs in the case.

Section 6 of said act provides that the stenographer shall, when requested by the party appealing, prepare from the transcript filed by him, as provided by section 5, a statement of facts in narrative form, in duplicate, and deliver the same to the party appealing, for which he shall be paid by said party the sum of 15 cents per folio of 100 words for the original copy, and that no charge shall be made for the duplicate copy; that the amount so paid shall not be taxed as costs.

Section 8 provides that, in any civil case where the appellant or plaintiff in error has. made the proof required to appeal his case without bond, such appellant or plaintiff in error may make affidavit of such fact, and,. upon the making and filing of such affidavit, the court shall order the stenographer to· make a transcript as provided in section 5 of said act and deliver same as provided in, other cases, but the stenographer shall receive no pay for same.

Section 12 provides that, whenever either party to a civil case pending in the county court shall apply therefor, the judge of the court shall appoint a competent stenographer to report the oral testimony given in such case. Such stenographer shall receive compensation to be not less than $5 per day, which shall be taxed and collected as costs. In such case, the provisions of this act with respect to preparation of statement of facts * * * shall apply to all statement of facts in civil cases tried in the county court, and all provisions of law governing statement of facts * * * to be filed in district court and the use of same on appeal shall apply to civil cases tried in the county court.

Since it is shown by the undisputed and admitted facts that relator has filed such affidavits and proof as the law requires to· entitle him to have the benefits of the stenographer's transcribed notes without first paying for or giving security for the payment of the fees due the stenographer for transcribing his shorthand notes of the proceedings had at the trial of his case, and that the trial judge had so found, the trial judge should have ordered the stenographer to· transcribe said notes on motion of relator. The trial judge having judicially found that relator had filed such affidavits as required by law in such cases, and that said affidavit was true and correct, the law directs that he shall order the stenographer to make a transcript of his notes. The law under such case left nothing further to the· discretion of the judge; but the declaration of law that he shall order the transcribed·

notes is mandatory, and he must make such order and cannot be heard to say that he has acted judicially, and therefore cannot be compelled by mandamus to perform a mandatory duty. Middlehurst v. Collins, 100 Tex. 349, 99 S. W. 1025; Applebaum v. Bass et al., 113 S. W. 173; 26 Cyc. p. 208.

In the last case cited the court said:

"It is a general doctrine that mandamus will lie to prevent a failure of justice upon reasons of public policy and to enforce official action. Where a trial judge refuses to make and file a statement of facts for use on appeal, as required by statute, mandamus will lie to compel him to do so. Reagan v. Copeland, 78 Tex. 556, 14 S. W. 1031; Railway v. Lane, 79 Tex. 648 [15 S. W. 477], 16 S. W. 18; Osborne v. Prather, 83 Tex. 211, 18 S. W. 613; Guerguin v. McGown, 53 S. W. 585. The reason in support of the right of this court to issue mandamus is convincing. Having acquired jurisdiction of the case by appeal, and a completed record being the basis of the exercise of appellate jurisdiction, the Court of Civil Appeals would have power to issue the mandamus to compel the proper closing and completion of the record for appeal. because the restoration to the record for use, on appeal, of a statement of facts of the case, signed and certified by the trial judge as required by law, is a matter in furtherance of, and that affects the exercise of, its appellate jurisdiction. The statute clearly prescribes and directly creates the duty of the trial judge to approve a statement of the facts presented to him for use on appeal by the parties, or to make up and file one for use on appeal in case of disagreement of the parties."

[2] However, we think no good can be subserved by this court in entering an order to respondent Clark C. Wren, county judge, to direct and order C. R. Triay, stenographer, to perform a duty imposed upon him by law, when this court has the authority and power to directly order said stenographer to perform such duty (Rice v. Roberts et al., 177 S. W. 149; 26 Cyc. 208), and therefore we will not grant the writ prayed for, as to respondent Wren.

[3] That a court stenographer may be compelled by mandamus proceedings to transcribe his shorthand notes of the proceedings, taken by him by virtue of his appointment we think is no longer an open question. Rice v. Roberts et al., 177 S. W. 149; Routledge v. Elmendorf, 54 Tex. Civ. App. 174, 116 S. W. 156; 26 Cyc. 208, and authorities there cited.

[4] The respondent Triay, however, contends that, if he was an officer by reason of his appointment as special stenographer, he was only a de facto officer, and that such office ceased to exist when he was paid his per diem of $15 for his three days of service. This contention is not tenable. The law under which respondent Triay accepted the appointment of stenographer, and as such performed services, provides, as has already been shown, that when requested to transcribe his shorthand notes, under the facts of this case, it is his legal duty to make such transcript; therefore he is in error in his contention that when he received his pay his duties ceased. The purpose of the law in requiring or permitting the appointment of a stenographer to take shorthand notes of the proceedings in any case is that the record of such proceedings might be preserved for the information of the court, jury, and parties to the suit, and it would be a narrow construction to put upon it to say the court has no means by which it, or the parties interested, could utilize the record so preserved for their information. Such construction would render the law, in many instances, worse than useless. We take it that no one would contend that should a court stenographer voluntarily resign, immediately after taking shorthand notes of court proceedings in his official capacity, the court, or parties to the suit, would be powerless to obtain the use of the transcript of such notes on the theory that the stenographer was no longer an officer, and therefore not subject to mandamus proceedings. The act of transcribing his shorthand notes, under certain conditions, is a continuing duty of the stenographer, and such duty may be enforced by mandamus proceedings. Middlehurst v. Collins, 100 Tex. 349, 99 S. W. 1025; Rice v. Roberts, 177 S. W. 149; Routledge v. Elmendorf, 54 Tex. Civ. App. 174, 116 S. W. 156; 26 Cyc. 208; State v. Supple, 22 Mont. 184, 56 Pac. 20.

In the case of Rice v. Roberts et al., supra, it is said:

"Nor is it any answer for the stenographer to say (which we grant as true) that any appellant has the right to prepare a statement of facts independent of the stenographer's notes and transcript. While he has such right, he also has the right to have the benefit of the report of the case made by the official stenographer during the trial to aid him in making a statement of facts. Besides, in this case it is stated in relator's petition, and is not denied by either respondent, that it will be [practically] impossible to make a correct statement of facts without the aid of the stenographer's transcript of his notes."

Having reached a conclusion in support of relator's application, it is ordered that respondent C. R. Triay transcribe the testimony in the form of questions and answers, and transcribe the other proceedings recorded by him in the case of H. B. Otto v. Harris County et al., No. 12406 on the docket of the county court at law, of Harris county, tried during the month of September, 1915; that he certify that such transcript is true and correct, and file the same in the office of the clerk of said court within 20 days from this date. It is also ordered that the costs of this proceeding be taxed against respondent Triay.