COMMISSIONERS' COURT OF TRINITY COUNTY et al. v. MILES et al.
(No. 7262.)

(Court of Civil Appeals of Texas. Galveston. May 5, 1916. Rehearing Denied June 1, 1916.)

1. COUNTIES ☞196(7)—FISCAL MANAGEMENT —INDEBTEDNESS IN EXCESS OF CONSTITUTIONAL LIMIT—INJUNCTION.

Evidence *held* sufficient to sustain issuance of injunction at suit of taxpayers to enjoin issuance of county warrants on the ground that tax levy was insufficient to pay interest and provide sinking fund for payment of such warrants on maturity, and on the further ground that there was not such competition in sale of warrants or letting of the contract for which the warrants were needed as is required by law.

[Ed. Note.—For other cases, see Counties, Cent. Dig. § 308; Dec. Dig. ☞196(7).]

2. COUNTIES ☞196(7) — TAXPAYERS' ACTION—PLEADINGS—SUFFICIENCY.

. Where in injunction suit the answer contains special denials to most allegations of the petition in addition to a general denial, the allegation that plaintiffs are property taxpayers of the county, not met by special denial, is sufficiently proved by affidavit attached to the petition.

[Ed. Note.—For other cases, see Counties, Cent. Dig. § 308; Dec. Dig. ☞196(7).]

3. APPEAL AND ERROR ☞638—HARMLESS ERROR—STATEMENT OF FACT—SUFFICIENCY.

Under R. S. 1911, art. 2069, providing that, where parties cannot agree upon a statement of facts, the judge shall certify a correct statement from statements furnished by the parties and from his own knowledge, *held*, that a statement of facts in an injunction suit based in part upon the recollection of a bystander is not reversible error, where the record contains a stipulation that the statement so prepared is correct.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2785, 2786; Dec. Dig. ☞ 638.]

Appeal from District Court, Trinity County; S. W. Dean, Judge.

Injunction by W. S. Miles and others against the Commissioners' Court of Trinity County and others. From an order granting a temporary injunction, certain defendants appeal. Affirmed.

PLEASANTS, C. J. This appeal is from an order of the district court of Trinity county granting a temporary injunction in a suit for injunction, brought by appellees against the appellants, the county judge and members of the commissioners' court of said county, and the Midland Bridge Company, a firm composed of Freygong and Trocon, to restrain the defendants from carrying out a contract made by said court with said bridge company for the erection of bridges and roads in said county.

No pleading could be more inartistic than plaintiffs' petition. It is confusing and complex, but we cannot say that giving its allegations every reasonable intendment it fails to show any grounds for the relief sought.

The contract provides for the issuance by Trinity county of warrants in the sum of $100,000 to be drawn on the road and bridge fund of the county. These warrants were to be dated January 1, 1916, and to bear interest at the rate of 6 per cent. per annum, payable semiannually, said warrants to be payable in 15 annual installments. The bridge company agreed to furnish the material and labor for the construction of such bridges and roads as should be designated by the commissioners' court, at prices named in the contract, the total amount so furnished not to exceed 85 per cent. of the amount of said warrants, the remaining 15 per cent. of said amount to go to the bridge company for engineering and superintendence of said work, the warrants to be delivered to the bridge company in payment of said labor and material as the work progressed.

[1] The petition, which is properly verified, alleges that plaintiffs are resident property taxpayers of Trinity county. The issuance of the $100,000 in warrants is sought to be enjoined because the tax levy of 15 cents on the $100 is not sufficient to pay the interest and provide a sinking fund for the payment of said warrants as they mature. The petition further charges that the contract is illegal because there was not such competition as the law requires in the sale of the warrants of the county and in the letting of the contract for furnishing the material and labor for the construction of bridges and roads to cost $100,000. It is further alleged that of the 15 per cent. allowed the bridge company for engineering and superintendence of the work 5 per cent. was, in fact, allowed to cover discount on the warrants.

The trial court found that there was evidence to sustain all of these allegations, and that pending a full and final hearing of the cause a temporary injunction should issue restraining defendants from proceeding to

carry out said contract. From this order the members of the commissioners' court have appealed. The bridge company has not appealed. We think there is evidence in the record sufficient to sustain the allegations of the petition, and the trial court did not err in so holding.

[2] The hearing was upon the sworn pleadings of the parties and upon documentary and oral testimony. The defendants' answer contains a general denial, and also special denials of most of the allegations of the petition. There is no special denial of the allegation of the petition that plaintiffs are property taxpayers of Trinity county. In the absence of such denial, the affidavit attached to the petition was sufficient evidence of the truth of the allegation.

[3] The appellants urge that the judgment should be reversed because the statement of facts prepared by the trial judge, after the parties had failed to agree upon a statement, is not certified as required by the statute, and, the appellants having been, because of this insufficient certificate, deprived, without fault of theirs, of a statement of facts which this court can consider, the judgment should be reversed.

The certificate of the judge to the statement of facts is as follows:

"The State of Texas, County of Trinity.

"I, S. W. Dean, judge of the district court of Trinity county, Tex., do hereby certify that, the parties plaintiff and defendant having failed to agree upon a statement of facts in this cause, and having each submitted to me their respective statements, I have from such statements, and from my own knowledge, and from the evidence of N. H. Phillips, an attorney of record for plaintiff, and Hayne Nelms, a party present during the trial of said cause, made out the foregoing correct statement of the facts and all the facts proven upon the trial of said cause, and hereby direct the clerk to file the same as a part of the record therein.

"To certify which witness my hand this 17th day of February, A. D. 1916.
      "S. W. Dean,
   "Judge Twelfth Judicial District."

This certificate is not in accordance with the requirements of the statute, and ordinarily an appellant would not be required to submit his case in an appellate court upon a statement of facts prepared by the trial judge from testimony heard after the trial as to what was the evidence upon the trial, but such statement must be made from the statements furnished him by the parties and from his own recollection of the evidence. Article 2069, Revised Statutes 1911; Toland v. Turner, 152 S. W. 852.

The statement of facts in this case has appended to it a certificate of the stenographer who took down the testimony that it is a true and correct transcript of his notes of all the testimony heard upon the trial, and has also an agreement signed by the attorneys for the appellants that the statement is "a true and correct statement of the facts and all the facts adduced in evidence upon

the trial." If all the rules applicable to the preparation of a transcript of the evidence upon appeal from a final hearing of a cause are applicable in appeal from a hearing on an application for temporary injunction, which may well be doubted, we do not think the appellants can be heard to complain in the face of their agreement above set out.

We think the pleadings and evidence justified the trial court in granting the temporary injunction, and the order granting said injunction is affirmed.

Affirmed.