### HAILE v. SMITH.   (No. 2613.)

(Court of Civil Appeals of Texas. Amarillo. Feb. 10, 1926.)

Appeal and error ⬅564(5)—Where appellee failed to agree to statement of facts of appellant, and each filed his own in due time, but judge filed his after time for filing expired, judge's statement of facts will be filed and made part of record, on affidavit of facts without assignment of error in record raising issue.

Where appellee failed to agree to statement of facts of appellant, and each filed his own in due time, but the judge failed to file his statement until after the time for filing had expired, the facts may be shown by affidavit, without assignment of error in record raising issue, and where appellant does not appear in default in his duty, judge's statement of facts will be filed as part of record.

Appeal from Dickens County Court; H. A. C. Brummett, Judge.

Suit by C. C. Haile against W. P. T. Smith. Judgment for defendant, and plaintiff appeals. On motion of plaintiff to file statement of facts prepared by the judge and filed in the lower court after the time for filing same had expired. Motion granted.

⬅For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

W. E. Lessing, of Spur, for appellant.
W. D. Wilson, of Spur, for appellee.

RANDOLPH, J. This suit was filed in the county court of Dickens county by C. C. Haile, as plaintiff, against W. P. T. Smith, as defendant. On trial of the case, verdict and judgment were for the defendant, and from that judgment plaintiff has appealed to this court.

Judgment in the trial court was rendered on the 22d day of July, 1925. Motion for new trial was filed by the plaintiff on the same day, and on the 5th day of August, 1925, plaintiff filed his amended motion for new trial, which was on said 5th day of August overruled by the trial court. Appeal bond was filed in the trial court on August 22, 1925. The transcript was filed in this court on November 18, 1925. Appellant has filed his motion in this court, praying that a statement of facts prepared by the judge and filed in the lower court after the time for filing same had expired, be now filed in this court.

Appellee resists this motion for the reasons: (1) That there is no assignment of error in the record raising the issue of the trial judge's failure to timely prepare and file a statement of facts in this cause, and that such question cannot be raised by a motion filed in the Court of Civil Appeals. (2) Because said motion and statement of facts tendered show that the appellant and his attorney were guilty of negligence and laches in the matter of procuring a statement of facts in this cause, and did not comply with the law of this state, so as to entitle him to a statement of facts prepared by the judge of the trial court. (3) Because there is no sufficient diligence shown on the part of appellant and his attorney to have a statement of facts prepared and filed within the time prescribed by law, or that failure to so file the same was not due to the fault or laches of appellant.

As supporting his contentions, appellee cites, among other authorities, Ennis Mercantile Co. v. Wathen, 57 S. W. 946, 93 Tex. 622. In that case the pertinent facts were: The plaintiff in error caused a statement of facts to be prepared and presented to the trial judge in time to have examined, signed, and approved the same, or to have prepared a correct statement, if, in his opinion, the statement presented was not a fair statement. It is further shown that the statement of facts was not signed by the judge because of the sickness of his mother, which prevented him from attending to the business of the court. It was fur-

ther shown that a mandamus from this court to the trial judge to compel him to prepare and approve a statement of facts would not have been effective, for the reason that the term of office of the trial judge terminated and his successor qualified before the writ of mandamus could have been enforced. The Court of Civil Appeals propounded the following questions to the Supreme Court: (1) Can the failure of the trial judge to sign a statement of facts be considered on appeal, unless complaint against the omission is brought up in the assignment of errors? (2) Is the effect of a motion promptly filed in this court, showing the absence of a statement of facts in the record to have been the fault of the trial judge, and asking a reversal upon that ground, equivalent to assigning such omission as error, and causing the same to be incorporated in the record? The Supreme Court answered each of these questions in the negative.

In the case of Anderson v. Walker, 68 S. W. 981, 95 Tex. 596, Justice Williams discusses the Wathen Case, and distinguishes between the two cases, holding in the Anderson Case, where a statement of facts had been prepared and filed by the trial judge, but not within due time, and such failure to have said statement filed in due time was shown not to be due to the fault or laches of the party or his attorney, such statement of facts should be permitted to be made a part of the record in the cause and be considered by the court; it being the duty of the judge, when a statement of facts cannot be agreed on, to prepare a statement of facts from the statements so furnished him and from his recollection of the evidence, one or both of the parties having prepared and furnished such statement of facts and tendered same to him.

In this case, appellee failing to agree to the statement of facts prepared by appellant, each party prepared and filed within due time statements containing their version of the facts. It then became the duty of the trial judge to prepare and file his statement. He having done so, and having filed same in the trial court after the expiration of the time for the filing of same, under authority of the Anderson Case, we hold that all the facts can be shown to this court by affidavit and, it not appearing that the appellant was in default in the performance of his duty, such statement is ordered filed and made a part of the record in this cause; and that the appellee may have due time in which to file his reply brief, we order that the case be heeled on the docket of this court.