**HOUSTON & T. C. R. CO. v. COLLINS.**
(No. 257.)

(Court of Civil Appeals of Texas. Waco.
April 23, 1925.)

1. Mandamus ⬅️57(1)—Reporter may be compelled to transcribe notes.

In view of Rev. St. art. 1592, conferring on Court of Civil Appeals power to issue writs of mandamus for purpose of enforcing its jurisdiction, such court may compel official court reporter to transcribe testimony and other proceedings in compliance with article 1924, requiring reporter to prepare narrative statement of testimony.

2. Mandamus ⬅️16(1)—Where shorthand notes are lost, reporter will not be compelled to prepare narrative statement of acts.

Where court reporter under oath has stated that official shorthand notes are lost, he will not be compelled by mandamus to prepare narrative statement of facts.

3. Mandamus ⬅️190—Costs in proceeding to compel reporter to prepare narrative statement of facts held properly taxed against reporter.

Where reporter did not inform attorneys that he had lost stenographic notes until after mandamus to compel him to prepare narrative statement of facts was filed, and he had promised on several occasions to prepare such statement, costs in such mandamus proceeding will be taxed against him.

Original mandamus proceeding by the Houston & Texas Central Railroad Company against B. L. Collins, Jr. Writ refused.

Garrison & Watson, of Houston, for relator.

BARCUS, J. This is an original mandamus proceeding, instituted in this court on March 26, 1925, by Houston & Texas Central Railroad Company, relator, against B. L. Collins, Jr., official court reporter for the Twelfth judicial district, of which Madison county is a part, respondent, in which the relator has asked this court to issue a mandamus against the respondent as official court reporter for said district, requiring him to prepare at once a statement of facts in narrative form in duplicate, in the cause of Herring & Turner v. Houston & Texas Central Railroad Company, which relator alleges was tried in Madison county, and in which final judgment was rendered against it on December 30, 1924. Relator alleges that the respondent is the official court reporter who took down the testimony in the trial of said cause, and that it has requested and demanded of him from time to time to prepare and deliver to it said narrative statement of facts; that it gave notice of appeal and executed its supersedeas bond on January 19, 1925, and has perfected its appeal to this court, and has at all times been ready, able, and willing to pay for said statement of facts as soon as same was delivered; and that without said statement of facts it is unable to properly prepare its record for appeal or present the appeal in this court.

The respondent has answered under oath, stating that he is unable to furnish said statement of facts because he has lost his stenographic notes which he made at the time of trial of said cause. His answer shows, however, that he did not report to relator that he had lost his stenographic notes until after this application for mandamus was filed, but had repeatedly written its attorneys and told them over telephone that he would get same to them in a few days.

[1] Article 1592 of the Revised Statutes of this state confers upon this court the power to issue writs of mandamus for the purpose of enforcing its jurisdiction. It is the duty of the official court reporter, when an appeal is taken, to prepare a narrative statement of the testimony (article 1924, Revised Statutes), and, where he fails or refuses so to do, the Court of Civil Appeals, in order to properly exercise its jurisdiction, has a right to require him to transcribe the testimony and other proceedings in compliance with said statute. Rice v. Roberts et al. (Tex. Civ. App.) 177 S. W. 149; Otto v. Wren (Tex. Civ. App.) 184 S. W. 351.

[2] In view of the fact, however, that the respondent has, under oath, shown that his official shorthand notes have been lost and that it is beyond his power to prepare the narrative statement of facts, it would not be

---

⬅️For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

proper for this court to issue a mandamus requiring him to do something that is affirmatively shown to be beyond his power. By reason alone of the fact that the respondent has shown to this court that he cannot prepare said statement of facts, the writ of mandamus prayed for is denied.

Relator requests this court to fix a time within which the statement of facts and bills of exception may be filed in this court in said cause of Herring & Turner v. Houston & Texas Central Railroad Company, being No. 3061 in the district court of Madison county. We do not deem it wise or proper at this time to pass on said question. The mandamus in this cause is refused without prejudice to any rights relator may show itself entitled to in this court by reason of the failure of the court reporter to prepare a transcript of the testimony, and other proceedings had on the trial of the case.

[3] Since the record in this cause shows that the respondent continued by letter and telephone messages to promise attorneys for relator to furnish the statement of facts until this application was filed, and did not inform them of the fact he had lost his stenographic notes, we think he should be taxed with the costs of this proceeding.

For the reason herein stated, the mandamus prayed for is refused, and all costs incurred herein are hereby taxed against respondent, B. L. Collins, Jr.

Mandamus refused.