## THOMAS et al. v. TIMLIN.
### Motion No. 9502.

Court of Civil Appeals of Texas. Galveston.
March 11, 1930.

Rehearing Denied April 3, 1930.

Howell & Howell, of Beaumont, for applicant.

George P. Prendergast and Thad E. King, both of Galveston, for respondent.

PLEASANTS, C. J.

This is an application for mandamus against respondent presented by the applicants who have perfected their appeal to this court in a case tried in the district court of Galveston county.

The grounds upon which the mandamus is sought are thus stated in the application:

"That on or about November 23, 1929, the Honorable J. C. Canty, Judge of the Tenth District Court, entered judgment in favor of Saul Thomas and against the American Mutual Liability Insurance Association and Myrtle Thomas, in Cause No. 45372.

"That on the said date the trial court overruled the defendants' in the above cause motion for a new trial, and they gave notice of appeal to this Honorable Court, and the trial court granted ninety (90) days in which to file 'Statement of facts'. On said date the plaintiffs herein requested Ward Timlin, the Official Court Reporter for the Tenth District Court, to prepare in narrative form a 'Statement of Facts,' which he did, and presented his bill for One Hundred and Ninety ($190.00) Dollars to the Attorneys for the plaintiffs in this action, and the said amount was paid in full to Ward Timlin, and he now refuses to deliver to these plaintiffs the said 'Statement of Facts.'

"That the said 'Statement of Facts' is due to be filed in this Court on the 21st day of February, 1930, and the plaintiffs herein pray that the time for filing said 'Statement of Facts' be extended, pending the action of this Honorable Court on this matter."

The respondent answered by general denial and by special plea, in which it is averred that it is not "his duty to prepare 'Statement of Facts' in any case he reports, but that his duties call for the preparation of a Q and A, or a Narrative transcript of the shorthand notes taken by him upon the trial of any case, and therefore this court is without jurisdiction to require this defendant to file a 'Statement of Facts,' and of this the defendant prays judgment of the court, and that plaintiff's petition be dismissed."

He further pleaded, in substance, that the applicant, Myrtle Thomas, is indebted to him in the sum of $190 for the preparation of the statement of facts ordered by her attorney, and that he is not required to turn over such statement until he has been paid the amount of this indebtedness.

"That on or about November 23, 1929, plaintiff, Myrtle Kirtman Thomas, through her attorney of record, Mr. Leon P. Howell, and plaintiff, American Mutual Liability Insurance Association, through its attorney of record, Mr. John P. Bullington, requested defendant to prepare 'Statement of Facts' and Q and A record in cause entitled Saul Thomas vs. American Mutual Liability Insurance Association; that thereafter, on or about November 12, 1929, Mr. Leon P. Howell requested 'complete Q and A transcript of testimony as introduced by plaintiff on direct examination'; that thereafter, towit, on or about November 27, 1929, Mr. Leon P. Howell requested defendant to 'make up usual set of Statement of Facts'; that thereafter, towit, on or about December 27, 1929, Mr. Leon P. Howell requested defendant to 'prepare and forward at your earliest convenience the previously requested question and answer form of the evidence in the above cause, and include your bill for same and we will mail you our check promptly upon receipt of this evidence'; that thereafter, to-wit, on or about

January 14th and long before the final date on which such record should be presented to counsel and filed in this case, defendant finished the record as requested by Mr. Leon P. Howell, and sent same to him C. O. D.; that said Leon P. Howell failed and refused to pay for such record, but returned same to said defendant as a cost to defendant of $4.50; that Mr. Leon P. Howell still refuses to pay for this record. For all of which defendant prays judgment of the court and asks that the petition of plaintiff be dismissed.

"Further answering herein, if further answer be necessary, but still insisting upon the foregoing, defendant says: At the time that record was ordered in this case it was agreed between Mr. Leon P. Howell and Mr. John P. Bullington, that Q and A testimony should be prepared, certain parts for Mr. Howell and certain parts for Mr. Bullington, that in addition thereto a 'Statement of Facts' should be prepared, that bill for one-half of 'Statement of Facts' and all of Q and A work done for Mr. Bullington should be sent to him, which bill amount to $225.00, and which was promptly paid by Mr. Bullington; that bill for one-half of 'Statement of Facts' and all of Q and A work done for Mr. Howell should be sent to Mr. Howell, together with the completed 'Statement of Facts' in duplicate and Mr. Howell in turn was to send to Mr. Bullington; that accordingly the work ordered was sent to Mr. Howell, together with bill for $286.50, that Mr. Howell refused to pay draft for $286.50,. and returned record to defendant, plus a charge of $4.50 for expressage both ways, that later Mr. Howell paid defendant $95.00 to apply on his bill of $285.50, leaving a balance due defendant of $196.50, which defendant has reduced to $190.00. That bill of costs cannot properly include charge for 'Statement of Facts' as taxable costs, that defendant is not required as any part of his duties to prepare or file 'Statement of Facts', and further that defendant notwithstanding has done all that can be required of him and now is ready, willing and able to deliver to Mr. Howell all work ordered and required upon the payment to him of the balance due of $190.00. For all of which reasons defendant prays judgment of the. court and that plaintiff's petition be dismissed."

The undisputed evidence adduced upon the hearing shows that both of the plaintiffs or applicants had in due time perfected their appeal to this court, the insurance association by filing its appeal bond, and the applicant Myrtle Thomas by filing an affidavit in lieu of such bond, as provided by the statute; that the request of the attorney for applicant Myrtle Thomas to respond "to make up usual set of statement of facts" was an order separate and distinct from the order for a portion of the evidence in question and answer form, which was limited to the testimony as introduced by plaintiffs on direct examination, and was ordered for the purpose of preparing bills of exceptions. The answer of the defendant admits that he accepted these orders with the understanding that the attorneys for the respective applicants would pay one-half of the costs of the statement of facts and each attorney would pay for the portion of the evidence in question and answer form ordered by him. In the bill presented by respondent the cost of the statement of facts was fixed at $190, one-half of which was charged each of the applicants, and costs of the testimony in question and answer form furnished the applicant Myrtle Thomas was $191.50, and for that furnished the attorney for the insurance company a different amount. The insurance company has settled with the respondent for the bill presented it. The attorney for Myrtle Thomas has paid the respondent the cost of the statement of facts prepared by him, but has refused to pay the $191.50 charged for the question and answer form of the testimony requested by him.

Respondent's defense is based mainly upon the contention that the statute did not require him to prepare a "regular statement of facts" for the applicant, but "a transcript of the evidence in narrative form," and that the narrative statement of facts prepared by him did not include all of the testimony taken down in his notes in question and answer form, but only the material evidence adduced on the trial, and therefore mandamus will not lie to compel him to deliver the narrative statement of the evidence prepared by him and for which applicant has paid him.

■■ This contention is, upon its face, so technical and unsound as to hardly require discussion. It goes without saying that any narrative statement of the evidence is not a legal statement of facts until it has been agreed to by the parties and approved by the trial judge. It is equally obvious that any narrative statement of facts must be, as far as it goes, a transcript of the evidence in narrative form, and if by agreement or otherwise in the preparation of such statement of facts the stenographer omits to transcribe immaterial evidence, it is still his official act and he cannot, when he has been paid for his work in the preparation of such narrative transcript, refuse to deliver it to the party who ordered it without violating his statutory official duty, and subjecting himself to mandamus to require the performance of such duty. Otto v. Wren (Tex. Civ. App.) 184 S. W. 350; Ry. Co. v. Collins (Tex. Civ. App.) 272 S. W. 219.

The applicant has not asked for mandamus to compel the delivery of the partial transcript of the testimony in question and answer form ordered by her attorney, and the question of whether the affidavit filed by her in lieu of a cost bond would, under the facts of this case, entitle her to such mandamus is not before us and has not been considered.

We are of opinion that the application for mandamus should be granted, and it has been so ordered.